## Banco Territorial y Agricola V. Arvelo.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 20.—Resuelto en Diciembre 21, 1904.

Procedimiento—Excepciones Dilatorias.—Las excepciones dilatorias opuestas por el demandado en un juicio son de carácter prévio y deben resolverse antes de que el Tribunal proceda á considerar los méritos del caso.

Id.—Litis Pendencia.—La excepción dilatoria de litis-pendencia procede en aquellos casos en que hubiere dos acciones pendientes sobre la misma materia y entre las mismas personas, y tiene por objeto evitar que los Tribunales competentes puedan dictar dos resoluciones contradictorias.

Desahucio—Cosa Juzgada.—Las sentencias dictadas en los juicios especiales, como es el desahucio, nunca pueden dar lugar á la excepción de cosa juzgada en los juicios ordinarios.

Id.—Reclamaciones del Inquilino.—En los juicios de desahucio no constituirán un obstáculo para el lanzamiento, las reclamaciones que el inquilino ó colono formularen, como de su propiedad, de labores, plantíos, ó cualquiera otro gasto invertido en la finca.

Id.—Derecho de Propiedad—Dominio.—El derecho de propiedad consiste en poder disponer de las cosas en la forma que el propietario tenga por conveniente, entendiéndose que tal derecho reside en quien tiene el inmediato dominio de la cosa y disfruta de cualquier modo de ella.

Id.—El propietario de una cosa tiene acción contra el tenedor ó poseedor de ella para reivindicarla.

Id.—Posesión Con Justo Título.—Si en un juicio de desahucio el demandado alegare que posee con justo título, y no justificare cumplidamente tal excepción, ésta deberá desestimarse.

Costas.—Las costas deben imponerse á la parte cuyas pretensiones fueren totalmente desestimadas.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Santoni* y *Guzmán Benítez (José).*

Abogado del apelado: *Sr. Guzmán Benítez (Juan).*

El Juez Asociado Sr. Wolf, emitió la opinión del Tribunal.

La sentencia dictada en este pleito por la Corte de Distrito de Arecibo, dice como sigue:

Sentencia.—En Arecibo, á veinte y cuatro de Setiembre de mil novecientos tres.

*Visto* en jucio óral y público ante el Tribunal de Distrito el pleito de desahucio promóvido por el Banco Territorial y Agrícola de San Juan, dirigido por el Letrado Don Juan de Guzman Benitez, contra Don Ramón Arvelo Rios, agricultor, vecino de Utuado, dirigido por el Letrado Don Felix Santoni Rodríguez, y ·

*Resultando:* que con fecha de diez y siete de Octubre de mil novecientos dos, el Banco Territorial y Agrícola de San Juan, con la dirección del Letrado Don Juan de Guzman Benitez, presentó demanda de desahucio en precario contra Don Ramón Arvelo Rios expresando que: por auto de adjudicación dictado en 26 de Setiembre de 1898, por el Juzgado de primera instancia de Utuado, en los ejecutivos seguidos por su defendido contra la Sucesión de Don Hilario Arvelo, adquirió el Banco Territorial y Agrícola una finca rústica que en dicho auto se describe así: Un prédio sito en el barrio de Jayuya, lugar llamado "Jauca" del término municipal de Utuado, con plantaciones de café y plátanos, casa rústica de habitación, pastos, montes y malezas, compuesto de novecientas nueve cuerdas de terrenos, equivalentes á trescientas cincuenta y siete hectáreas, veinte y siete áreas y treinta y tres centiáreas y en colindancia por el Norte, con predios de igual naturaleza y cultivo y Don Aquilino Batista, Don Manuel Perez, Don Manuel Vega y Don Eusebio Perez; por el Este, con fincas de Don Juan Serrallés; por el Sud con la cuchilla divisoria de Ponce; y por el Oeste con fincas de Don Nemesio Arvelo y Rios, Don José Gordils, Don Felipe Casalduc y Don Manuel Vega: Que, necesitando tomar posesión de los bienes, el Banco ejecutante, trató de encargar para ello al perito agrónomo Don José Ricarte, pero entonces Don Ramón Arvelo y Rios, hermano del ejecutado y que decia se proponía comprar la finca, propuso al Banco representarle en esa diligencia, y en tal virtud, aceptando el servicio ofrecido, se pidió la posesión judicial para su patrocinado, como dueño de los bienes, representado en aquél acto por Don Ramón Arvelo y Rios, llevándose á efecto la posesión por el Juzgado Municipal de Utuado en 10 de Marzo de 1899: Que con el pretexto de que iba á hacer proposiciones de compra de la finca, ha seguido el Sr. Arvelo ocupándola á título precario y sin pagar merced alguna; que en diez y siete de Setiembre último, fué requerido el demandado á instancias del Banco por el Juzgado Municipal de Utuado, para que en el término de treinta días desocupase en unión de su familia y demás personas que bajo su autoridad la viven, la finca mencionada dejándola á libre disposición del Banco Territorial y Agrícola con sus casas y demás pertenencias; que transcurrido dicho término el Sr. Arvelo no ha desocupado la finca.

2º. *Resultando:* que como fundamentos de derecho, adujo el demandante las prescripciones del Código Civil relativas al derecho de propiedad que permite disponer de una cosa sin mas limitaciones que las establecidas por las leyes y á que el propietario tiene acción para reivindicar su propiedad contra el tenedor y el poseedor de la cosa; y además los preceptos de la Ley de Enjuiciamiento Civil referentes á la acción ejercitada y suplicó en definitiva que se dictara sentencia de desahucio contra Don· Ramón Arvelo Rios y su familia con las costas.

3º. *Resultando:* que conferido traslado de la demanda al demandado, lo evacuó bajo la dirección del Letrado Sr. Santoni exponiendo: que por convenio privado con el Banco habia comprado á éste la finca objeto del desahucio antes del mes de Febrero de 1899, la cual finca á fuerza de trabajos y desvelos del demandado habia sido puesta en situación próspera y floreciente; adujo como fundamentos de derecho los preceptos del Código Civil referentes á que el poseedor de buena fé puede retener la cosa poseida hasta que se le satisfagan los gastos necesarios y útiles hechos para la conservación de la misma y á que el cumplimiento de los contratos no puede dejarse al arbitrio de uno solo de los contratantes, y suplicó que: si no habia lugar á estimar la excepción de litis-pendencia en el Tribunal de Distrito de San Juan, se rechazara la demanda con las costas.

4º. *Resultando:* que abierto el juicio á prueba, propuso el demandante confesión de .Don Ramón Arvelo Rios y documental consistente en una certificación de la fecha en que el Banco inició su ejecución contra Arvelo, ante el Juzgado de primera instancia de Utuado con inserción de la diligencia de requerimiento de pago; auto de adjudicación de siete de Octubre de 1901 de la finca objeto del desahucio al Banco, inscrito en el Registro de la Propiedad, inserción del escrito del Banco pidiendo la posesión de la finca ejecutada y señalando á Don Ramón Arvelo Rios, actual demandado, para que se encargara de recibir la posesión á nombre del Banco; certificación del Tribunal de San Juan comprensiva de la demanda interpuesta allí por Don Ramón Arvelo Rios contra el Banco sobre cumplimiento de contrato verbal; certificación del Registro de la Propiedad de Arecibo relativa á la inscripción de la finca desahuciada á favor del Banco, de no existir anotación alguna sobre dicha finca con posterioridad á la adjudicación.

5º. *Resultando:* que el demandado propuso como documental la certificación del Tribunal del Distrito relativa á la fecha de la admisión de la demanda interpuesta por Don Ramón Arvelo Rios, en dicho Tri-

bunal, sobre declaración y efectividad de derechos que le competen acerca de la finca desahuciada y de haberse tenido al Banco por parte como demandado en el juicio allí entablado; y certificación de las cartas prticulares dirigidas por el Banco en 9 de Febrero y 9 de Marzo de 1899 al Sr. Arvelo Rios, así como de la remitida en 21 de Diciembre de 1898.

6°. *Resultando:* que celebrado el juicio oral y practicada la prueba sobre la excepción de litis-pendencia propuesta, el Tribunal desestimó la excepción por los fundamentos que constan insertos en el acto del juicio y continuando el juicio solamente con la asistencia del Letrado representante del Banco Territorial por no haber concurrido la representación del demandado, se llamó á Don Ramón Arvelo Rios á fin de que absolviera posiciones, y no estando presente á pesar de haber sido citado en forma, la representación del Banco renunció á la confesión del demandado é informó despues en el sentido de su demanda, dándose el juicio por concluso para sentencia que se votó por unanimidad de los Jueces.

7°. *Resultando:* que en este pleito se han observado las formalidades que la Ley de Enjuiciamiento prescribe.    Siendo Ponente el Sr. Juez Presidente del Tribunal Don Felipe Cuchí y Arnau.

1°.    *Considerando:* que habiendo desestimado por resolución fundada que consta en el acta del juicio oral de este pleito, la excepción dilatoria de litis-pendencia propuesta por el demandado Don Ramón Arvelo Rios, es innecesario tratar ahora acerca de dicha excepción, debiendo discutirse solamente en esta sentencia la cuestión principal del pleito, esto es, la acción de desahucio ejercitada por el Banco Territorial y Agrícola de San Juan contra el demandado.

2°.    *Considerando:* que conforme al artículo 534 del Código Civil vigente, el derecho de propiedad sobre una cosa, consiste en poder disponer de ella en la forma que tenga por conveniente el propietario, entendiéndose siempre, según advierte al artículo 356 del mismo Código, que la propiedad reside en quien tiene el inmediato dominio de la cosa, no en quien usa ó disfruta de cualquier modo de ella.

3°.    *Considerando:* que del auto de adjudicación de fecha veinte y seis de Setiembre de 1898, inscrito en el Registro de la Propiedad de Arecibo, aparece que el Banco Territorial es dueño en pleno dominio de la finca rústica objeto del desahucio y de la diligencia de posesión de la misma, consta que el demandado Don Ramón Arvelo Rios tomó posesión de la finca á nombre del Banco Territorial y como agente de esta institución.

4°.    *Considerando:* que siendo el Banco dueño en pleno dominio

de la finca rústica en cuestión y el demandado Don Ramón Arvelo Ríos simple representante del Banco dentro de la finca, claro está que puede permanecer en ella tanto tiempo cuanto el Banco lo deje permanecer, porque el propietario de una cosa tiene acción para reivindicarla de aquél en cuyas manos esté.

5º. *Considerando:* que es perfectamente ocioso alegar, como alega, el demandado Arvelo, la existencia de convenios particulares entre ambas partes, respecto á la compra-venta de la finca por Arvelo, pues aparte de que en juicio de desahucio no pueden discutirse cuestiones de propiedad, por prohibirlo la Ley de Enjuiciamiento Civil, ese supuesto título del demandado, basado en un simple convenio particular que dice se celebró con el Banco Territorial, no hallándose inscrito en el Registro de la Propiedad, en nada puede afectar á los derechos dominicales del demandante que ejercita una acción de desahucio en virtud de un título inscrito y *aliena res pro dominio suo clamat.*

6º. *Considerando:* que el artículo 63 de la Orden General No. 118 de 1899, impone las costas de un litigio al litigante cuyas pretensiones hubiesen sido totalmente desestimadas y habiendose opuesto en absoluto el demandado Arvelo á esta acción de desahucio, debe ser condenado en las costas del juicio.

Vistos los artículos 354 y 356 del Código Civil vigente: 29 y 34 de la Ley Hipotecaria y concordantes de su Reglamento, los 371, 1563, 1591 y 1593 de la Ley de Enjuiciamiento Civil.

*Fallamos:* que debemos declarar y declaramos con lugar la demanda de desahucio interpuesta por el Banco Territorial y Agrícola de San Juan contra Don Ramón Arvelo Ríos, quién deberá desalojar la finca rústica que habita en compañía de su familia, dentro del término de veinte días, á partir del en que fuere firme esta sentencia, apercibido de lanzamiento si no lo verifica, con las costas al demandado. Así por esta nuestra sentencia definitivamente juzgando, lo pronunciamos, mandamos y firmamos.—Felipe Cuchi, Carlos Franco Soto, Otto Schoenrich.''

La resolución á que se hace referencia en el primer Considerando de la anterior sentencia es la siguiente:

''Acta. En Arecibo, á ocho de Setiembre de mil novecientos tres, siendo la hora señalada para la votación en el acta anterior, el referido Tribunal, compuesto de los Sres. Presidente Don Felipe Cuchi y Arnau y Jueces Asociados Don Carlos Franco Soto y Don Otto Schoen-

rich, se constituyó en audiencia pública, y como no comparecieran las partes, ni sus abogados defensores, el Tribunal procedió á votar en público, la siguiente resolución.

*Considerando:* que conforme lo dispone la Regla 62 de la Orden General No. 118 de 1899, cuando el demandado en un juicio, proponga excepciones dilatorias, el Tribunal deberá resolverlas antes de entrar en el fondo del asunto; por lo que, cuando la resolución fuese favorable á la excepción dilatoria surtirá ésta efecto legal contra la demanda y si fuere desfavorable continuará sin demora la celeʼbración del juicio, practicándose las demás pruebas propuestas por las partes.

*Considerando:* que en este juicio de desahucio, el demandado Arvelo ha propuesto la excepción dilatoria de litis-pendencia, fundándose en que, en fecha veinte y seis de Mayo de mil novecientos dos, presentó y fué admitida en el Tribunal de Distrito de San Juan una demanda contra el Banco Territorial y Agrícola en súplica de que por dicho Tribunal se declarase que el Sr. Arvelo tenía derecho á retener la finca objeto del presente juicio de desahucio hasta que por el Banco se le indemnizase del producto de los frutos cosechados por el Sr. Arvelo, todo á virtud de convenios celebrados entre ambas partes, según el demandante Arvelo ofrecía probar oportunamente.

*Considerando:* que la razón jurídica de la excepción dilatoria de litis-pendencia estriba en evitar que por dos Tribunales competentes se dicten dos sentencias contradictorias absolviendo en una y condenando en otra, sobre la misma materia y entre las mismas personas.

*Considerando:* que la prueba documental aducida en este juicio por el promovente de la excepción, el pleito declarativo incoado en en el Tribunal de San Juan, contra el Banco Territorial y Agrícola por el mismo Don Ramón Arvelo, si bien comenzó antes que el presente juicio de desahucio, no se encuentra aún en el período de juicio oral por cuyo motivo es preciso considerar, para declarar ó no con lugar la excepción dilatoria de litis-pendencia, si la sentencia que recaiga ahora, en este juicio de desahucio, puede establecer inconveniente de cosa juzgada en el otro pleito que se sigue en el Tribunal de San Juan.

*Considerando:* que aún prescindiendo de la consideración de que las sentencias dictadas en juicios especiales, como es el de desahucio, jamás pueden establecer excepciones de cosa juzgada en los juicios ordinarios, como es el tramitado en la Corte de Distrito de San Juan, debe de tenerse en cuenta que ni en la hípotesis más desfavorable para el demandado Arvelo, esto es, en el supuesto de que se declare con lugar por este Tribunal de Arecibo la sentencia de desahucio,

dicha sentencia por su contenido no podrá prejuzgar ni contrariar la que, andando el tiempo, dictara la Corte de San Juan, porque lo que pretende Arvelo en ese juicio es indemnización de gastos hechos y recolección de frutos en la finca objeto del desahucio, y sabido es que, según determina el artículo 1598 de la Ley de Enjuiciamiento Civil, no será obstáculo nunca para el lanzamiento de un inquilino ó colono, la reclamación que éste pueda hacer como de su propiedad de labores, plantíos ó cualquiera otro gasto invertido en la finca.

*Considerando:* que este criterio no solo es de la Ley, sino también el que más se ajusta á la moral y á la equidad porque lo contrario equivaldría á sancionar el principio de que cuando algun colono ó inquilino se presintiera próximo á ser desahuciado, con establecer un pleito ordinario sobre reclamación de mejoras, en Tribunal distinto del llamado por la ley á conocer del juicio de desahucio, é interponer despues la excepción dilatoria de litis-pendencia, prolongaba á su voluntad el lanzamiento todo el tiempo que así le conviniera y si bien es cierto que el pleito ordinario incoado en el Tribunal de San Juan lo fué por el Sr. Arvelo con tres meses de anticipación á la actual demanda de desahucio, el título en virtud del cual la ha promovido el Banco Territorial es muy anterior á aquella fecha.

*Considerando:* que por las razones expuestas debe declararse sin lugar la excepción propuesta y continuar el juicio hasta dictarse sentencia con arreglo á las pruebas que presenten las partes. Se desestima la excepción dilatoria de litis-pendencia en el Tribunal de Distrito de San Juan y siga adelante la tramitación del presente juicio de desahucio, practicándose las pruebas propuestas en el fondo del asunto y se señala el día veintidos del corriente, á las diez de su mañana, para la terminación del juicio oral, citándose á las partes.— Felipe Cuchí, Carlos Franco Soto, Otto Schoenrich.—José E. Figueras.''

Contra las anteriores resoluciones interpuso recurso de apelación el demandado, el cual se admitió elevándose los autos á esta Corte Suprema; y tramitado en forma, se señaló dia para la vista, la cual tuvo efecto el dia trece del corriente mes sin que asistiera á dicho acto el abogado del apelante.

Hemos examinado detenidamente los autos, y estamos conformes con la sentencia recurrida, menos con su quinto Considerando, y en su lugar opinamos que si bien el demandado ha alegado como excepción á la demanda que posée por título

legal, esa excepción no se ha justificado en el juicio de una manera cumplida.

En su consecuencia, lejos de revocarse ó modificarse la sentencia apelada, debe confirmarse, con las costas á la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y MacLeary.