THE UNITED PORTO RICAN BANK, demandante, *v.* MARÍA NIEVES VDA. DE GONZÁLEZ, demandada; ORIENTE CORPORATION, interventora y apelada, y FRANCISCO VELA ACOSTA y JACINTO A. PALACIOS, opositores y apelantes.

No. 5604.—*Sometido:* Diciembre 11, 1931. *Resuelto:* Mayo 11, 1933.

*L. Muñoz Morales,* abogado de los apelantes; *Walter L. Newsom, Jr., Henri Brown* y *C. Ruiz Nazario,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

United Porto Rican Bank presentó demanda ejecutiva hipotecaria en la Corte de Distrito de Humacao contra María Nieves Vda. de González para que se le requiriese a pagarle $35,000 y sus intereses y para que si no los hacía efectivos en el término de treinta días fuesen vendidas en subasta las dos fincas sobre las cuales constituyó primera hipoteca en garantía de esa deuda; haciendo constar que con posterioridad a esa hipoteca aparecían en el registro de la propiedad varios gravámenes sobre dichas fincas, siendo uno de ellos el embargo que de ellas hizo la Congress Cigar Company para asegurar la efectividad de la sentencia en pleito que

sigue contra María Nieves en cobro de dinero; y otro el que con el mismo objeto se hizo en el pleito de Deogracias González García contra la misma señora, también en cobro de dinero. La señora Nieves fué requerida de pago por el término dicho y también Jacinto A. Palacios por igual tiempo por haber adquirido las fincas en la subasta celebrada en el pleito de Deogracias González García a que nos hemos referido. La Sra. Nieves y Jacinto A. Palacios no pagaron la deuda hipotecaria y ambas fincas fueron vendidas en subasta en el ejecutivo hipotecario y adjudicadas al banco ejecutante. Pocas horas después de esa subasta fueron vendidas dichas fincas por el mismo márshal en el pleito referido de Congress Cigar Company y adjudicadas a Francisco Vela Acosta, quien dos días después compró dichas fincas a Jacinto A. Palacios por escritura pública. Cuando el título de adjudicación al banco fué presentado en el registro de la propiedad fué inscrito sin perjuicio de los derechos que pudieran corresponder a Francisco Vela Acosta, quien tenía entonces anotada preventivamente la transmisión que le había hecho Jacinto A. Palacios. Revocada por este Tribunal Supremo la negativa de inscripción del título de Vela que produjo dicha anotación preventiva, fueron inscritas las fincas a su nombre y canceladas las inscripciones hechas a favor de United Porto Rican Bank. Oriente Corporation compró a United Porto Rican Bank las fincas que le fueron adjudicadas en el ejecutivo y promovió pleito ordinario en la Corte de Distrito de Hu macao contra Jacinto A. Palacios, contra Francisco Vela Acosta y contra otras personas para que se declarasen nulas las subastas en que les fueron adjudicadas dichas fincas a Palacios y a Vela y también las inscripciones que en virtud de ellas se hallan en el registro y para que se les condenase a pagar indemnización por los perjuicios causados con esas subastas y adjudicaciones. Estando ese pleito en tramitación pendiente de una resolución de derecho por la corte compareció Oriente Corporation como interventora en el ejecutivo hipotecario del banco a quien había comprado las fincas y

solicitó que la corte ordenase la cancelación de las inscripciones hechas en el registro a favor de Jacinto A. Palacios y de Francisco Vela. Éste fué el único que se opuso a esta solicitud y practicadas pruebas y oídas las partes la corte dictó resolución decretando la cancelación de dichas inscripciones y Francisco Vela interpuso este recurso de apelación.

■ El primer motivo alegado en apoyo del recurso es que la corte inferior cometió error al permitir la intervención de Oriente Corporation, infringiendo los artículos 72 y 348 del Código de Enjuiciamiento Civil. El primero de esos preceptos dispone que se podrá intervenir en un pleito, en los casos que especifica, antes de la celebración del juicio; y el 348 determina cuándo un pleito se considerará pendiente.

Aunque la Oriente Corporation tituló la moción cuya resolución motiva este recurso como de intervención en el juicio ejecutivo hipotecario, sin embargo, no era por sus alegaciones de intervención sino de sustitución por el banco que le vendió las fincas que le habían sido adjudicadas, por lo que no son de aplicación los artículos citados, y, por tanto, no han sido infringidos.

■ En el segundo motivo se dice que fué error desestimar la excepción de cosa juzgada alegada contra esa moción.

Esa excepción se funda en que la corte había negado antes en el ejecutivo hipotecario la cancelación de las mencionadas inscripciones, pero tal resolución no aparece en las pruebas que han sido traídas ante nosotros. De todos modos, no se alega que fué dictada en otro pleito entre las mismas partes y por la misma causa de acción sino en el procedimiento ejecutivo en el que la moción fué presentada, por lo que no existe cosa juzgada ya que no tiene tal carácter una resolución anterior dictada en el mismo procedimiento, la cual la corte puede variar si así lo cree justo en derecho.

■ Otro motivo de la apelación es porque no fué sostenida por la corte inferior la alegación de existir un pleito pendiente entre las mismas partes y por la misma causa, que

fué alegada como defensa en la contestación de Vela a la moción de cancelación.

El artículo 105 del Código de Enjuiciamiento Civil dispone que el demandado podrá presentar excepciones previas a la demanda cuando resultare del contenido de aquélla alguno de los extremos que enumera; siendo el del número tercero cuando existe otra acción pendiente entre las mismas partes por la misma causa; y el artículo 108 del mismo código dice que cuando ninguno de los extremos enumerados en el artículo 105, constare en la demanda, la impugnación podrá hacerse en la contestación.

Es regla general bien establecida en California, que tiene un código procesal civil igual al nuestro, que la pendencia de una acción anterior basada en la misma causa de acción entre las mismas partes y en la misma jurisdicción es fundamento para impedir la segunda acción; basada en parte en la suposición de que el primer pleito es efectivo y proporciona cumplido remedio a la parte por lo que el segundo pleito es innecesario; y en parte, en el principio de que la ley aborrece una multiplicidad de pleitos, aunque esa regla general tiene algunas excepciones, como en caso de una petición de *mandamus* o cuando la demanda en el primer pleito es tan defectuosa que un fallo favorable a ella sería nulo. 1 California Jurisprudence, pág. 23; *Banco Territorial y Agrícola* v. *Arvelo,* 7 D.P.R. 566.

La moción que la Oriente Corporation presentó en el ejecutivo hipotecario después de haber sido vendidas en subasta y de ser adjudicadas las fincas hipotecadas por María Nieves, y cuyo objeto es que se ordene la cancelación de las inscripciones hechas en el registro de la propiedad a favor de Jacinto A. Palacios y de Francisco Vela, equivale a una demanda con tal fin a la que, consiguientemente, podía oponerse la excepción previa de pleito pendiente.

Aunque el procedimiento ejecutivo hipotecario comenzó antes que el pleito que estableció luego Oriente Corporation, sin embargo, cuando ella presentó la moción a que venimos

refiriéndonos su pleito sobre nulidad de subastas y cancelación de inscripciones ya estaba en tramitación y pendiente por lo que existía un pleito anterior, y sólo nos resta resolver si el pleito pendiente y la moción posterior en el ejecutivo tienen la misma causa de acción, ya que no hay duda de que la Oriente Corporation, Jacinto A. Palacios y Francisco Vela son partes en los dos asuntos.

Hemos dicho al principio que el pleito establecido por la Oriente Corporation tiene por objeto que se anulen las subastas en que fueron adjudicadas las fincas a Jacinto A. Palacios y a Francisco Vela y que se declaren nulas las inscripciones hechas en el registro; y la moción presentada por la misma Oriente Corporation en el ejecutivo hipotecario también tiene por objeto que se cancelen las inscripciones hechas en el registro de la propiedad a favor de dichas dos personas por lo que hay que llgar a la conclusión de que ambos asuntos versan sobre la misma causa de acción y de que el primer pleito proporciona remedio cumplido a las partes. Por consiguiente, la excepción previa de pleito pendiente debió prosperar y por no haberla sostenido la corte inferior cometió el error alegado.

*Por el precedente motivo la resolución apelada debe ser revocada y dictarse otra por nosotros declarando sin lugar la moción de Oriente Corporation de 13 de enero de 1930 dictada en el ejecutivo hipotecario de United Porto Rican Bank contra María Nieves Vda. de González ante la Corte de Distrito de Humacao.*

El Juez Asociado Señor Córdova Dávila no intervino.