GUSTAVO MUÑOZ DÍAZ, demandante y apelante *v.* PEDRO SOLÁ COLÓN, demandado y apelado.

No. 6598.—*Sometido:* Abril 25, 1935. *Resuelto:* Junio 28, 1935.

*R. Atiles Moréu y Angel de Jesús Matos,* abogados del apelante; *González Fagundo & González, Jr.,* abogados del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 21 de agosto de 1931 Gustavo Muñoz Díaz radicó una demanda en la Corte de Distrito de Humacao contra Pedro Solá Colón sobre nulidad y daños y perjuicios.

Alegó en ella substancialmente que en octubre 20, 1926, constituyó hipoteca sobre tres fincas rústicas de su propiedad en garantía de trece mil dólares de capital, sus intereses al diez por ciento anual y quinientos dólares para costas y en noviembre 21, 1928, estando vencida la deuda y no habiéndose convenido intereses de mora, otorgó nueva hipoteca sobre las mismas fincas por mil trescientos dólares para garantir un año de intereses que empezaría a contarse en octubre 20, 1928, quedando en tal virtud prorrogada la anterior hasta octubre 20, 1929, habiendo satisfecho totalmente la expresada suma de mil trescientos dólares a su acreedor, el demandado;

Que éste, en enero 4, 1930, presentó en la Corte de Distrito de Humacao un escrito iniciando un procedimiento sumario que fué radicado bajo el No. 14799 para el cobro de la hipoteca alegando el vencimiento y no pago de ésta y pidiendo que el demandante y su esposa fueran requeridos para el pago de $13,000 de principal, $541.66 de intereses y $500 para costas;

Que de acuerdo con lo ordenado por la corte se hizo el requerimiento por el márshal, quedando suspendido el procedimiento ejecutivo a virtud de un auto de *certiorari* establecido por el demandante ante esta Corte Suprema, re-

suelto el cual en contra del demandante, el aquí deman-
dado, en junio 30, 1931, presentó en el ejecutivo una moción
alegando que habiendo transcurrido el término del requeri-
miento sin que la deuda se hubiera satisfecho y expresando
que los intereses adeudados hasta junio 20, 1931, ascendían
a $443.32, pidió la venta de las fincas hipotecadas a lo que
accedió el tribunal celebrándose la subasta en julio 28, 1931,
adjudicándose las fincas al acreedor Solá;

Que el procedimiento ejecutivo es nulo porque en su es-
crito inicial se reclaman, en la orden de requerimiento se
decretó el pago y en la de venta se dispuso ésta para el co-
bro de intereses que no debía el deudor ni el acreedor po-
día percibir por no estar hipotecariamente garantizados,
siendo en su consecuencia nulas también la adjudicación y
su inscripción en el registro; y

Que el demandante, a virtud del procedimiento ejecutivo
ha sido privado de su título de propiedad a las tres fin-
cas y ha sufrido perjuicios que fija en veinte mil dólares.

Solicitó sentencia de conformidad.

Contestó el demandado aceptando algunos hechos y ne-
gando otros y alegando como defensa el hecho de existir
otros pleitos pendientes entre las mismas partes.

Fué el pleito a juicio. Se practicó la prueba. Y la
corte finalmente lo decidió por sentencia en contra del de-
mandante que interpuso el presente recurso de apelación.

La sentencia recurrida se basa en una larga relación del
caso y opinión. Se estudian en ella los méritos del caso y
se concluye que no son suficientes para decretar la nulidad
solicitada y en su consecuencia tampoco para la concesión
de daños y perjuicios.

Con respecto a la cuestión de pleitos pendientes dice la
relación del caso y opinión lo que sigue:

"Se hace innecesario, en vista de la forma en que la contienda
planteada a base de las alegaciones de la demanda ha quedado re-
suelta, proceder a considerar las defensas especiales de la contesta-
ción."

En su alegato la parte apelante sostiene que la defensa de pleitos pendientes no se alegó de acuerdo con la ley y la jurisprudencia y que la evidencia admitida en el juicio, con su oposición, para demostrarla, lo fué indebidamente.

Invoca la jurisprudencia que se resume en 49 C. J. 238, así:

"La excepción (*plea in abatement*) de que existe otra acción pendiente debe exponer hechos que demuestren que la primera acción tiene el efecto de abatir la segunda; debe demostrar en qué corte está pendiente tal acción, que la corte tiene jurisdicción, que la acción estaba pendiente al iniciarse la segunda y al presentarse la alegación . . . y que la corte adquirió jurisdicción del demandado o de los bienes o que en cualquiera otra forma adquirió jurisdicción de la causa. Sin embargo, no es necesario que alegue que la acción no había sido descontinuada antes de presentarse la alegación. Debe demostrarse que la causa de acción y las partes son las mismas, y en caso de que las partes no sean las mismas, debe demostrarse algún nexo jurídico."

Dos fueron los pleitos que alegó el demandado que se encontraban pendientes. Nos referiremos sólo al primero por considerar improcedente la alegación en cuanto al segundo. Dice la alegación en cuanto al primero:

"ALEGA COMO DEFENSA EL DEMANDADO: Que el demandante Gustavo Muñoz Díaz radicó en la Corte de Distrito de Humacao bajo el número 16194 una demanda contra Pedro Solá Colón el mismo demandado en este caso, solicitando que se decrete la nulidad y se declare sin ningún valor legal en todas sus partes el procedimiento ejecutivo hipotecario tramitado ante esta Corte bajo el número 14799 y nula y sin ningún valor ni efecto legal la escritura de venta judicial otorgada por el Márshal con motivo de la subasta celebrada el 28 de julio de 1931 y que se ordene la cancelación de cualquiera inscripción que se hubiera practicado en el Registro de la Propiedad, condenando al demandado a satisfacerle la suma de $20,000.00 por daños y perjuicios, cuya acción se encuentra aún pendiente en esta Corte de Distrito, . . . . "

De esa alegación resulta que se trata de pleitos entre las mismas partes siendo en uno y en otro demandante Muñoz y demandado Solá, y que en ambos se solicita la nuli-

dad del mismo procedimiento ejecutivo hipotecario y se reclaman los mismos daños y perjuicios pero no se alega que. el pleito invocado como pendiente se iniciara con anterioridad a éste en que la defensa se establece. Creemos sin embargo que esa alegación surge de una mera comparación de los números de radicación en los libros de la corte de ambos pleitos. El pendiente lleva el No. 16194. Éste el No. 16253. El pendiente es anterior.

Bajo esas circunstancias no creemos que la corte cometiera error perjudicial al admitir en evidencia los autos del pleito alegado como pendiente, que tenían que ser ·conocidos por el demandante.

Sigue sosteniendo el apelante que no se trata del ejercicio de las mismas causas de acción.

El pleito No. 16194 se titula sobre Nulidad y Daños y Perjuicios. La demanda se radicó por Gustavo Muñoz Díaz contra Pedro Solá Colón, en la Corte de Distrito de Humacao, el 29 de julio de 1931 y el demandado fué emplazado personalmente por el márshal en agosto 31, 1931, compareciendo el 9 de septiembre de 1931, archivando una moción eliminatoria.

Este pleito No. 16253 se titula sobre Nulidad y Daños y Perjuicios. La demanda se radicó por Gustavo Muñoz Díaz contra Pedro Solá Colón en la Corte de Distrito de Humacao el 31 de agosto de 1931. No consta la fecha del emplazamiento pero sí la de la primera comparecencia del demandado que lo fué para presentar una excepción previa el 9 de septiembre de 1931, que retiró en febrero 19, 1932. Es en febrero 6, 1933, que aparece archivada su "contestación enmendada" contentiva de la defensa aludida.

En ambos pleitos se pide la nulidad del mismo procedimiento ejecutivo hipotecario y se alegan los daños y perjuicios con las siguientes idénticas palabras:

"Que a virtud de la demanda de ejecución de hipoteca número 14799 de esta Corte, el aquí demandante ha sido privado del título

de propiedad a las tres fincas que se describen en esta demanda y ha recibido daños y perjuicios que razonablemente estima que valen la suma de $20,000.00.''

En el pleito No. 16194 la nulidad se pide por los motivos que siguen:

''(A) Allá para julio 26 de 1930, el aquí demandante y el demandado Pedro Solá Colón, celebraron un convenio de transacción dando por terminado el procedimiento de ejecución hipotecaria que dicho Pedro Solá Colón seguía bajo el número 14799 de esta corte y a virtud de tal convenio el aquí demandante se obligó a satisfacer al aquí demandado Pedro Solá Colón todos los intereses reclamados en la demanda y además los que estaban vencidos hasta la fecha del convenio poniendo al día el pago de dichos intereses así como también todas las costas incurridas por Pedro Solá Colón, en la tramitación de dicho procedimiento ejecutivo hipotecario, fijadas por dicho Pedro Solá Colón en la suma de $156.00.

''(B) En la hipótesis de que el procedimiento ejecutivo hipotecario no hubiera terminado a virtud del convenio antes expuesto, el cobro y recibo de los intereses y costas por parte del acreedor después de iniciado dicho procedimiento, de hecho y de derecho, lo dieron por terminado e impedían su continuación.

''(C) Los bienes hipotecados que se describen en esta demanda fueron vendidos en pública subasta para satisfacer la suma de $13,000.00 de principal, $433.32 de intereses vencidos hasta el 20 de junio de 1931, más $500.00 para costas y honorarios de abogado y alega el aquí demandante que en el escrito inicial radicado en el caso número 14799, se cobra por concepto de intereses una cantidad distinta y mayor a la consignada en la orden de remate de los bienes. Alega el demandante que nunca ha sido requerido de pago para satisfacer la suma total por la cual se llevó a remate los bienes hipotecados y sí fué requerido para pagar la cantidad de $14,041.66 que representa una suma mayor y alega que en tal virtud se ha violado el procedimiento de la ley hipotecaria que ha de seguirse en los casos de ejecución sumaria de hipoteca, privando al demandado así como también a los acreedores posteriores cuyos domicilios constan en la certificación expedida por el Registrador de la Propiedad de Caguas, del derecho que asiste tanto al deudor como a los acreedores posteriores de efectuar el pago de las sumas verdaderamente debidas por el deudor dentro del improrrogable plazo de 30 días, que concede la ley hipotecaria a tal efecto.

"(D) Según se expone bajo el inciso A precedente y conforme al convenio mencionado, el aquí demandante había satisfecho al aquí demandado con anterioridad a la fecha en que se decretó la venta en pública subasta de los bienes, y la fecha en que fueron rematados, todas las costas originadas con motivo del caso civil número 14799, que el propio acreedor Pedro Solá Colón tasó y fijó en la suma de $156.00, cantidad que satisfizo el deudor Gustavo Muñoz Díaz y recibió el·acreedor en noviembre 8 de 1930 y a virtud de tal pago el demandado quedó obligado a no cobrar dichas costas e impedido de hacerlo y al reclamarlas nuevamente en junio 30 de 1931, alegando falsamente que se le debían, y presentando ante la Corte un memorándum de costas por la cantidad total de $500.00 cobró una suma que había sido ya satisfecha por el deudor, y alega el demandante que en la hipótesis inadmisible de que debiera cantidad alguna por concepto de costas y de que tales costas fueran exigibles en el caso civil número 14799, no aparece de los autos que el aquí demandado acreditara al demandante la suma de $156.00 recibida por tal concepto."

Y en el 16253, por los que siguen:

"(A) Porque en el escrito inicial el acreedor Pedro Solá Colón al fijar las sumas específicas que pretende recobrar del deudor a virtud de su demanda, reclama a éste una cantidad de intereses vencidos hasta el 20 de diciembre de 1929, así como los intereses que más adelante se vencieren, hasta su completo pago, a razón del 10 por ciento anual, cantidad que el deudor en concepto de dichos intereses, no debía al acreedor ni podía éste reclamarlos en el procedimiento hipotecario de ejecución de hipoteca, por no aparecer de los documentos que se acompañaron al escrito inicial que dichos intereses estuvieran garantizados hipotecariamente.

"(B) Que la orden de requerimiento de pago dictada por esta Corte y el diligenciamiento evacuado por el Márshal requiriendo al aquí demandante para que pagase a Pedro Solá Colón la suma de $14,041.66 son nulos por la razón de que dicha orden de requerimiento de pago que siguió a lo consignado en el escrito inicial, dispone que se requiera al deudor para que pague intereses que no debe y que no estaban hipotecariamente garantizados y el márshal en tal virtud requirió al deudor para que pagase una suma por concepto de intereses que no debía.

"(C) Porque la orden de remate o venta de bienes dictada por esta Corte en 30 de junio de 1931 es nula e ineficaz porque se dis-

pone en ella que los bienes hipotecados sean vendidos para satisfacer al acreedor la suma de $433.32 por concepto de intereses vencidos y los que vencieren al tipo del 10 por ciento anual que el deudor no debía al acreedor ni podía éste recobrar de dicho deudor por no estar hipotecariamente garantizados.''

Aparte de que lo que se requiere para que pueda alegarse la excepción o defensa de acción pendiente es que sea la misma la causa de acción que se ejercite que es aquí la de nulidad y no los motivos que se tengan para ejercitarla (*González* v. *Méndez et al.,* 15 D.P.R. 701, *Iglesia Católica* v. *Municipio de Bayamón,* 27 D.P.R. 865, 867), encontramos que los motivos alegados en este pleito para pedir la nulidad se alegaron con otros más en el pleito pendiente. Cualquier deficiencia que pudiera advertirse sería susceptible de corregirse mediante enmienda.

Siendo ése el resultado de las alegaciones y la prueba, la corte debió declarar la defensa con lugar, de acuerdo con la jurisprudencia de esta propia Corte Suprema sentada en el caso de *United P. R. Bank* v. *Nieves Vda. de González,* 45 D.P.R. 77, como sigue:

''Otro motivo de la apelación es porque no fué sostenida por la corte inferior la alegación de existir un pleito pendiente entre las mismas partes y por la misma causa, que fué alegada como defensa en la contestación de Vela a la moción de cancelación.

''El artículo 105 del Código de Enjuiciamiento Civil dispone que el demandado podrá presentar excepciones previas a la demanda cuando resultare del contenido de aquélla alguno de los extremos que enumera; siendo el del número tercero cuando existe otra acción pendiente entre las mismas partes por la misma causa; y el artículo 108 del mismo código dice que cuando ninguno de los extremos enumerados en el artículo 105, constare en la demanda la impugnación podrá hacerse en la contestación.

''Es regla general bien establecida en California, que tiene un código procesal civil igual al nuestro, que la pendencia de una acción anterior basada en la misma causa de acción entre las mismas partes y en la misma jurisdicción es fundamento para impedir la segunda acción; basada en parte en la suposición de que el primer pleito es efectivo y proporciona cumplido remedio a la parte por lo

que el segundo pleito es innecesario; y en parte, en el principio de que la ley aborrece una multiplicidad de pleitos, aunque esa regla general tiene algunas excepciones, como en el caso de una petición de *mandamus* o cuando la demanda en el primer pleito es tan defectuosa que un fallo favorable a ella sería nulo. 1 California Jurisprudence, pág. 23; Banco Territorial y Agrícola v. Arvelo, 7 D.P.R. 566.

"La moción que la Oriente Corporation presentó en el ejecutivo hipotecario después de haber sido vendidas en subasta y de ser adjudicadas las fincas hipotecadas por María Nieves, y cuyo objeto es que se ordene la cancelación de las inscripciones hechas en el registro de la propiedad a favor de Jacinto A. Palacios y de Francisco Vela, equivale a una demanda con tal fin a la que, consiguientemente, podía oponerse la excepción previa de pleito pendiente.

"Aunque el procedimiento ejecutivo hipotecario comenzó antes que el pleito que estableció luego Oriente Corporation, sin embargo, cuando ella presentó la moción a que venimos refiriéndonos su pleito sobre nulidad de subastas y cancelación de inscripciones ya estaba en tramitación y pendiente por lo que existía un pleito anterior, y sólo nos resta resolver si el pleito pendiente y la moción posterior en el ejecutivo tienen la misma causa de acción, ya que no hay duda de que la Oriente Corporation, Jacinto A. Palacios y Francisco Vela son partes en los dos asuntos.

"Hemos dicho al principio que el pleito establecido por la Oriente Corporation tiene por objeto que se anulen las subastas en que fueron adjudicadas las fincas a Jacinto A. Palacios y a Francisco Vela y que se declaren nulas las inscripciones hechas en el registro; y la moción presentada por la misma Oriente Corporation en el ejecutivo hipotecario también tiene por objeto que se cancelen las inscripciones hechas en el registro de la propiedad a favor de dichas dos personas por lo que hay que llegar a la conclusión de que ambos asuntos versan sobre la misma causa de acción y de que el primer pleito proporciona remedio cumplido a las partes. Por consiguiente, la excepción previa de pleito pendiente debió prosperar y por no haberla sostenido la corte inferior cometió el error alegado."

Y no se diga que el primer pleito había sido abandonado. Fué radicado, y emplazado el demandado presentó como dijimos una moción eliminatoria que no se había resuelto a la fecha en que la sentencia en este caso fué dictada. Estaba, pues, vivo en los libros de la corte y pendiente de

acuerdo con el artículo 348 del Código de Enjuiciamiento Civil preceptivo de que: "Un pleito se considera pendiente desde que principia hasta su resolución final en apelación, o hasta que haya expirado el tiempo para interponer el recurso de apelación a menos que se haya cumplido el fallo con anterioridad." Y con el 38 que dispone que se da principio a una acción cuando se presenta la demanda.

Por tal motivo, esto es, por existir otra acción pendiente entre las mismas partes por la misma causa, *procede la confirmación de la sentencia recurrida, declarándose sin lugar en tal virtud la apelación.*