VIRELLA, DEMANDANTE Y APELADA, *v.* VIRELLA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en causa sobre nulidad de escrituras, actos y contratos.

No. 1366.—Resuelto en abril 7, 1916.

DESAHUCIO—COSA JUZGADA—POSESIÓN—DERECHO DE PROPIEDAD—JUICIO ORDINARIO.—La sentencia de desahucio, por referirse a la posesión y no al derecho de propiedad, no impide la promoción de un juicio ordinario para discutir el

derecho de propiedad y como es consiguiente no puede servir de fundamento a la excepción de cosa juzgada alegada en dicho juicio.

COSA JUZGADA—REQUISITOS DE LA COSA JUZGADA.—Para que haya cosa juzgada es requisito indispensable que haya habido decisión en un pleito sobre lo que haya sido objeto de otro pleito anterior.

APRECIACIÓN DE LAS PRUEBAS—DESAHUCIO—NULIDAD DE VENTA—EXPOSICIÓN DEL CASO—EXAMEN COMPARATIVO DE LAS PRUEBAS—CONCLUSIONES DE HECHO—SENTENCIA.—Cuando se alega que en un pleito de desahucio la corte apreció la prueba en forma distinta de como lo ha hecho después en un pleito sobre nulidad de venta, las pruebas practicadas en ambos juicios deben insertarse en la exposición del caso para poder establecer un examen comparativo entre las mismas, sin que a ese fin basten las sentencias dictadas en uno y otro pleito, pues las conclusiones de hecho (*findings of fact*) que establece el juez en una sentencia no pueden considerarse como expresión de las pruebas practicadas en el juicio.

ERRORES—ERRORES NO PERJUDICIALES AL APELANTE—FALTA DE APELACIÓN DEL APELADO.—Si el error alegado por un apelante, caso de existir, perjudicaría sólo a la parte apelada, y ésta no ha pretendido la subsanación del mismo apelando también de la sentencia, no procede su consideración.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Domínguez Rubio.*

Abogado de la apelada: *Sr. Manuel A. Martínez Dávila.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por uno de los demandados, o sea por Francisco Virella Uribe, contra sentencia que dictó la Corte de Distrito de Guayama en pleito sobre nulidad de escrituras e inscripciones de ellas en el registro y sobre reivindicación de terreno.

La demandante, Emilia Virella, alega como hechos determinantes de su acción, los siguientes:

Que es dueña de una finca rústica de 22 cuerdas de terreno radicada en el barrio Apeadero del término municipal de Patillas, con valor efectivo de $700, la que le transmitió Simón Antonio Alcaide por escritura de 25 de noviembre de 1910 a requerimiento de ella, por tenerla en cabeza de Alcaide, según costumbre suya de tenerla siempre a nombre de algún amigo de su confianza.

Que siguiendo dicha costumbre, por otra escritura pública otorgada en 12 de enero de 1911 ante el notario Luis Capó

Matres, la demandante pasó la propiedad de la misma finca en venta simulada al demandado Cecilio Nido, sin que mediara precio alguno, pues Nido solamente la recibía en arrendamiento habiendo convenido ambos en que Nido traspasaría nuevamente la finca a la demandante tan pronto ésta lo solicitara.

Que posteriormente la demandante hizo sabedor a Francisco Virella Uribe, persona de su confianza, de la condición con que Nido poseía la finca y le encargó requiriera a Nido para que éste volviera a trasmitírsela, requerimiento que practicó Virella Uribe; pero como Nido reclamara mejoras que había hecho en la finca, Virella Uribe, engañosamente, de mala fe, con el propósito deliberado de defraudar a la demandante, y a sabiendas de que la finca no pertenecía a Nido, hizo que la demandante ordenara a Nido su traspaso directamente a favor de Virella Uribe, quien ofreció pagar como pagó las mejoras reclamadas por Nido, bajo promesa que le hizo la demandante de que se cobraría con el usufructo de la finca.

Que el traspaso de la finca se hizo simuladamente por Cecilio Nido a favor de Virella Uribe por escritura pública de 30 de noviembre de 1911, ante el notario Don Tomás Bernardini de la Huerta, sin que ni la demandante ni Cecilio Nido recibieran dinero alguno en consideración a la venta.

Que la primera inscripción de la finca en el registro se hizo a favor de la demandante por virtud de expediente promovido ante la Corte Municipal de Patillas y también fueron inscritas las escrituras de la demandante a favor de Nido y de éste a favor de Virella Uribe.

Que la demandante fué lanzada de la finca a virtud de acción de desahucio promovida contra ella por Virella Uribe.

La demanda concluye con la súplica de que se dicte sentencia declarando nulas y sin ningún valor las mencionadas escrituras de 12 de enero y 30 de noviembre de 1911, así como sus inscripciones en el registro, condenando al demandado Virella Uribe a entregar a la demandante la finca

de que se trata y a pagar una suma razonable para honorarios de abogados, costas y desembolsos.

El demandado Virella Uribe alegó contra la demanda las siguientes defensas, a saber: Excepción previa de que la demanda no aduce hechos suficientes para determinar una causa de acción; excepción especial de *res judicata* fundada en que la cuestión en controversia había sido ya resuelta en pleito de desahucio seguido por el demandado Virella Uribe contra la demandante; y otra excepción de *estoppel* basada en que la demandante estaba impedida de ejercitar su acción alegando el traspaso fraudulento de la finca a favor de Virella Uribe por no haberlo alegado anteriormente al contestar la demanda de desahucio.

Convinieron las partes en someter esas defensas a la resolución previa de la corte y practicadas las pruebas oportunas fueron desestimadas por resolución de febrero 5, 1915, concediéndose al demandado Virella Uribe diez días para contestar la demanda.

Al evacuar el trámite de contestación, Francisco Virella Uribe expresó que carecía de información para aceptar o negar las transacciones verificadas por la demandante con el demandado Cecilio Nido, y negó en absoluto que la demandante sea actualmente dueña de la finca de que se trata, pues le pertenece en propiedad, por haberla adquirido de quien tenía derecho a venderla, o sea de Cecilio Nido a quien la compró de buena fe por justa consideración y por precio cierto que pagó habiendo inscrito en el registro la finca a su favor y entablado demanda de desahucio para que Emilia Virella fuera lanzada de ella.

Celebrado el juicio la corte dictó sentencia en 20 de mayo de 1915 por la que declaró nula y sin ningún valor la escritura de 30 de noviembre de 1911 otorgada por Cecilio Nido a favor del demandado Virella ante el notario Bernardini de la Huerta, por ser una escritura de venta simulada, sin que mediara precio cierto, y nula también su inscripción en el registro de la propiedad, condenando, además, al deman-

dado Virella Uribe a entregar y dejar a la disposición de la demandante la finca de que se trata, sin especial condena de costas.

Contra esa sentencia es que interpuso Virella Uribe el presente recurso de apelación.

Los motivos que alega la parte apelante para solicitar la revocación de la sentencia apelada, son los que literalmente transcribimos a continuación:

"1°. La corte erró al declarar sin lugar las defensas especiales de *former judgment, res judicata* y *estoppel.*

"2°. La corte apreció la prueba en el juicio de desahucio en una forma distinta a como la apreció en el juicio de nulidad de venta.

"3°. La corte cometió error al no dar a la escritura pública· entre Nido y Virella el valor que ella tiene.

"4°. La corte erró al apreciar la prueba en su conjunto y entender que ésta demostraba la existencia del fraude.

"5°. La sentencia de la corte de Guayama está incompleta pues no protege los intereses de la demandante."

En cuanto al primer error, resulta del récord que en 17 de abril. de 1914 Francisco Virella Uribe demandó en juicio de desahucio ante la Corte de Distrito de Guayama a Amelia o Emilia Virella para el desalojo de la misma finca a que se refiere el presente caso, alegando haber adquirido dicha finca por compra a Cecilio Nido en escritura otorgada ante el notario Don Tomás Bernardini de la Huerta en 30 de noviembre de 1911, cuya finca ocupaba la Emilia sin pagar canon o merced alguna contra la voluntad del demandante. A esa demanda contestó la demandada Emilia Virella que la finca en cuestión era de su propiedad por más que la había pasado a Cecilio Nido por ser éste un hombre de su absoluta confianza y ella una anciana que no podía administrarla, habiendo verificado el traspaso a Nido con la promesa de que éste se la transmitiría cuando ella se lo exigiera; que por orden suya puso Nido la finca a nombre de Virella, en quien ella confiaba por haber sido esclava de sus padres y porque el mismo Virella le aconsejó que lo hiciera así porque

Nido quería engañarla; y que ni ella ni Cecilio Nido recibieron de Virella precio por la venta. En vista de esas alegaciones y de las pruebas practicadas, la referida corte dictó sentencia en 9 de junio de 1914 declarando con lugar el desahucio por el fundamento de haber demostrado las pruebas que si bien Emilia Virella vendió su finca a Nido simuladamente sin que mediara consideración, no había igual prueba en cuanto a la venta hecha por Nido a Virella, quien debía estimarse dueño de la finca mientras no se anulara la escritura de adquisición o se demostrara su falsedad.

Opinamos que esa sentencia no puede producir excepción de cosa juzgada con relación al presente caso en que precisamente se trata de anular la escritura que daba a Virella el carácter de dueño, para poder entablar la demanda de desahucio. En dicha sentencia se decidió el derecho del demandante a que la demandada fuera desalojada de la finca, pero nada podía decidirse sobre nulidad o falsedad del título del demandante, pues como ya dijimos al resolver el caso de *Pesquera* v. *Fernández,* 16 D. P. R. 236, ''no es un juicio de desahucio el adecuado para hacer declaraciones de derecho más o menos controvertibles, debiendo limitarse en él los tribunales a examinar y resolver la procedencia de la acción ejercitada en relación con la persona que es objeto de desahucio.'' ''El juicio de desahucio no es el adecuado para resolver sobre el derecho de propiedad y las partes deberán discutir en un juicio ordinario cuál tiene el título legal a la finca.'' *Torres et al.* v. *Pérez,* 18 D. P. R. 573

Como se ve, la sentencia de desahucio, por referirse a la posesión y no al derecho de propiedad, no impide la promoción de un juicio ordinario para discutir el derecho de propiedad y como es consiguiente no puede servir de fundamento a la excepción de cosa juzgada.

Para que haya cosa juzgada es requisito indispensable que haya habido decisión en un pleito sobre lo que ya ha sido objeto de otro pleito anterior, y eso no ocurre en el presente caso.

Nada se alega en apoyo de la excepción de *estoppel* y no hay razón alguna que la sostenga.

En cuanto al segundo fundamento del recurso, nos falta base para su consideración, pues no han venido en el récord las pruebas practicadas en el juicio de desahucio y, por tanto, no podemos establecer un examen comparativo entre dichas pruebas y las del presente caso.

Alega la parte apelante que si esta corte examina las sentencias dictadas en el presente juicio y en el de desahucio podrá venir en conocimiento de que la prueba es la misma. No son las sentencias las que deben ser sometidas a examen sino las mismas pruebas practicadas en uno y otro juicio, pues los *findings of fact* que establece el juez en la sentencia no pueden considerarse como expresión de las pruebas practicadas en el juicio, sino que esas pruebas han de constar por conformidad de las partes y con aprobación del juez en el escrito de exposición del caso que es el documento adecuado al efecto.

La misma parte apelada dice que en el juicio de desahucio no declaró el testigo Capella y que tampoco la corte permitió que la demandada entonces Emilia Virella, hiciera preguntas tendentes a demostrar que la escritura de compraventa era simulada por entender que eran improcedentes dentro del procedimiento de desahucio, preguntas que admitió en el presente pleito.

De todos modos, sea cual fuera la apreciación de las pruebas hecha por el juez en el juicio de desahucio, tal apreciación no podría constituir cosa juzgada en un juicio posterior sobre propiedad, por las mismas razones expuestas al considerar el primer motivo del recurso.

El tercero y cuarto motivos del recurso pueden sintetizarse en uno, a saber: error en la apreciación de las pruebas por no haber dado la corte valor legal a la escritura pública de venta por Cecilio Nido a favor de Francisco Virella y estimar demostrada la existencia del fraude.

Según muestran los términos de la sentencia, la corte

inferior declaró nula la escritura de 30 de noviembre de 1911 por ser una escritura de venta simulada sin que mediara precio cierto.

Ciertamente que esa escritura muestra *prima facie* que Cecilio Nido vendió a Francisco Virella Uribe la finca de 22 cuerdas que se describe en la demanda por la suma de $330, que el vendedor confesó tener recibidos con anterioridad al otorgamiento de dicha escritura; pero ese documento ha sido atacado de nulidad por falta de causa en el contrato, o sea por no haber mediado precio en la compraventa celebrada, y las pruebas practicadas en el juicio demuestran esa alegación fundamental de la demanda, según apreciación de la corte sentenciadora.

Cecilio Nido afirma que Emilia Virella hizo con él un contrato de arrendamiento con relación a la finca de que se trata y después la puso en cabeza de él, sin que pagara precio alguno por dicha finca, la que a su vez traspasó luego al demandado Virella sin que tampoco éste pagara a Nido precio alguno, pues sólo le pagó Virella $230 por gastos que había hecho en beneficio de la finca.

Emilia Virella está conforme con Cecilio Nido en que arrendó a éste la finca sin que le pasara la propiedad de la misma en venta, y agrega que Francisco Virella le dijo que le diera los papeles de la finca para tenerlos seguros, pues Nido la engañaba, habiéndola despedido Virella de su casa cuando le reclamó la devolución de esos papeles.

Francisco Virella expresa que compró la finca a Nido en la inteligencia de que era de la propiedad de éste, habiéndole pagado $330 como precio de la misma y $20 más por ciertos gastos que en la finca había hecho Nido, y que Emilia Virella "hablaba en todas partes diciendo que Nido le había armado emborujos, pero Nido le repitió a él que la finca era suya, habiendo creído en su palabra."

Explica Virella Uribe que el pago de los $350 se hizo en dos cheques a la orden de Cecilio Nido contra el Banco Territorial y Agrícola de Puerto Rico, el primero de ellos expe-

dido en 1°. de mayo de 1911 por cantidad de $200, y el segundo en 27 del propio mes por valor de $150. Esas fechas son muy anteriores a la de la escritura de 30 de noviembre de 1911.

Nido, contra lo declarado por Virella Uribe, dice que éste le pagó en metálico los $230 por las mejoras que había hecho en la finca y que los dos cheques representaban una gratificación que le hizo Verilla Uribe por un traspaso de arrendamiento de terrenos de la propiedad de Antonio Capella.

Antonio Capella está conforme en que tenía arrendada a Cecilio Nido una finca en Patillas, cuyo arrendamiento cedió luego Nido a Francisco Virella.

Niega Virella Uribe haber hecho gratificación alguna a Cecilio Nido por la cesión del arrendamiento de terrenos de Capella, aunque le pagó $40 ó $50 en efectivo por pequeños gastos hechos en el terreno arrendado.

Hemos expuesto en síntesis las pruebas concernientes al caso, prescindiendo de detalles y contradicciones. La corte inferior, apreciando esas pruebas, llegó a la conclusión de hecho de que la escritura de venta otorgada por Nido a favor de Virella Uribe era simulada por falta de precio o consideración, como simulada era también la anteriormente otorgada por Emilia Virella a favor de Cecilio Nido y no encontramos que dicha corte procediera con pasión, prejuicio o parcialidad o con manifiesto error al establecer dicha conclusión. No debemos ir contra ella, obrando en congruencia con la jurisprudencia establecida por esta Corte Suprema en repetidas decisiones.

En cuanto al último fundamento del recurso, nos basta consignar que el error alegado, en caso de existir, perjudicaría a la parte demandante apelada, y como ésta no ha pretendido la subsanación del mismo apelando de la sentencia, nos abstenemos de considerarlo.

Por las razones expuestas, es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.