DARÍO CEDÓ RODRÍGUEZ, demandante y apelante, v. MARTÍN LABOY, demandado y apelado.

Número 11501.
*Sometido:* 11 de junio de 1956. *Resuelto:* 13 de diciembre de 1956.

*Enrique Báez García* abogado del apelante; *Eugenio Sánchez Ruiz,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Se trata de una acción interpuesta por Darío Cedó Rodríguez para reivindicar un solar que forma parte de una finca suya y en el cual enclava una casa propiedad del demandado Martín Laboy. (¹)

---

(¹) En la súplica de la demanda el demandante solicitó que se decretara que el solar era de su exclusiva propiedad y que el demandado venía obligado a demoler y llevarse consigo la casa en él edificada.

La corte a quo declaró sin lugar la demanda después de un juicio en los méritos, fundándose en que la acción de reivindicación era improcedente ya que no había controversia sobre el título de dominio del solar del demandante, y en que siendo el demandado un edificante de buena fe en terreno ajeno, lo procedente era una acción de accesión. A este efecto dicha corte dijo: "El demandado en el caso de autos es un poseedor de buena fe, derivada ésta de la buena fe de su vendedor al construir o edificar mediante la autorización que le dió el Capitán del Puerto y no puede ser lanzado del terreno que ocupa con su casa hasta que se le satisfaga el costo de la construcción de dicha casa." (²)

La cuestión esencial a resolver en este recurso es si el demandado-apelado es un edificante de buena fe y en su consecuencia sus derechos se regulan por las disposiciones del art. 297 del Código Civil (Ed. 1930), 31 L.P.R.A., sec. 1164, (³) o si por el contrario es un edificante de mala fe en cuyo caso sus derechos se regularían por los arts. 298 y 299 del Código Civil—31 L.P.R.A., secs. 1165, 1166. (⁴)

La sentencia apelada sería correcta si el apelado es un

(²) La corte dijo también que aunque considerara la acción como una de accesión no podía determinar los derechos de las partes respecto a la edificación del demandado porque la prueba no revelaba su costo—valor de los materiales y mano de obra.

(³) Dicho artículo dispone:

"El dueño del terreno en que se edificare, sembrare o plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plantación, previa la indemnización establecida en las secs. 1468 y 1469 de este título, o a obligar al que fabricó o plantó, a pagar el precio del terreno, y al que sembró, la renta correspondiente.—Código Civil, 1930, art. 297."

(⁴) Estos dos artículos preceptúan:

"§ 1165. Mala fe del que edifica

"El que edifica, planta o siembra de mala fe en terreno ajeno, pierde lo edificado, plantado o sembrado sin derecho a indemnización.—Código Civil, 1930, art. 298.

"§ 1166.—Demolición de la obra y reposición de las cosas a su estado primitivo

"El dueño del terreno en que se haya edificado, plantado o sembrado con mala fe, puede exigir la demolición de la obra o que se arranque la plantación y siembra, reponiendo las cosas a su estado primitivo a costa del que edificó, plantó o sembró.—Código Civil, 1930, art. 299."

edificante de buena fe.    En caso contrario, la demanda debió prosperar.

■■    No hay disputa en cuanto a que·el apelante Cedó Rodríguez es dueño del solar en donde se construyó la casa del apelado Martín Laboy.    Dicho solar forma parte de una finca que figura inscrita en el Registro de la Propiedad a nombre del apelante desde antes de que el antecesor en título del demandado edificara en la misma.    La casa. fué construída en ese solar por Manuel Nieves Bonet sin el consentimiento del dueño del terreno.    En 1953 Nieves Bonet la vendió al apelado Laboy.    No existe ni ha existido contrato alguno entre el dueño de la finca y los dueños de la casa para el uso y disfrute del solar en que aquélla enclava, pero la prueba demuestra, según dijo la corte a quo que el Capitán del Puerto autorizó a Nieves Bonet a fabricar bajo la teoría o creencia de que el terreno pertenecía al Estado.    Para esa época El Pueblo de Puerto Rico había iniciado un pleito contra Cedó Rodríguez reclamando el dominio de la finca, pleito que luego fué resuelto en contra de El Pueblo.

Hemos visto que la corte a quo resolvió que el demandado es un edificante de buena fe.    ¿Está justificada esa conclusión?    Veamos.

Los arts. 297 y 298 del Código Civil no definen lo que se entiende por buena fe cuando se trata de personas que edificaren, sembraren o plantaren en suelo ajeno; pero en su art. 293—31 L.P.R.A. sec. 1146—define al poseedor de buena fe, en la siguiente forma:

"§ 1146.    Poseedor de buena fe, definición de

"Es poseedor de buena fe el que posee como propietario por virtud de un título suficiente en sus términos y condiciones para transferir la propiedad.y cuyos defectos son ignorados por el poseedor.    La posesión de buena fe cesa desde el momento en que el poseedor conoce por sí mismo los defectos del título, o mediante el juicio que estableciere el propietario de la cosa para reivindicarla.—Código Civil, 1930, art. 293."

Al tratar de la Posesión y sus Especies el Código vuelve a definir al poseedor de buena fe y también define esta vez al de mala fe. Al efecto el art. 363—31 L.P.R.A. sec. 1424— dispone:

"§ 1424. Poseedor de buena fe; poseedor de mala fe

"Se reputa poseedor de buena fe al que ignora que en su título o modo de adquirir exista vicio que lo invalide.

"Se reputa poseedor de mala fe al que se halla en el caso contrario.—Código Civil, 1930, art. 363."

"La buena fe—dice el art. 364, 31 L.P.R.A. sec. 1425—se presume siempre, y al que afirma la mala fe de un poseedor corresponde la prueba."

Interpretando los anteriores preceptos hemos dicho que es poseedor de buena fe el que cree que adquirió la cosa de quien era dueño de ella y podía trasmitir su dominio, o el que ignora que en su título o modo de adquirir existiera vicio que lo invalidara, y asimismo que la buena fe es compatible con un título afectado por un vicio que lo invalide siempre que se ignore la existencia del vicio por el poseedor o éste crea que no existe. *Martorell et al.* v. *J. Ochoa y Hermano,* 25 D.P.R. 759; *Larracuenta* v. *Fabián,* 56 D.P.R. 775. En *Lluberas* v. *Mario Mercado e Hijos,* 75 D.P.R. 7, citamos con aprobación el siguiente comentario del tratadista Scaevola: *

" '. . . rigurosamente existe posesión de buena fe cuando el poseedor está en la creencia de que posee en virtud de un justo título, por razón del desconocimiento de los vicios de que éste adolece . . . que los requisitos necesarios para la existencia de la posesión de buena fe, son: título, vicios en el título, ignorancia por el poseedor de dichos vicios. Los tres han de coexistir . . .' "y que (pág. 227):

" '. . . el que posee una cosa sin título, sin haberla recibido de otra persona por cualquiera de los modos traslativos del derecho, no puede menos de comprender que posee una cosa que no es suya, y, por lo tanto, que no posee con buena fe . . .' " (75 D.P.R. pág. 16.)

---

* Tomo 8, pág. 226, ed. 1948.

Y en *Capó* v. *Hartman & Cía.*, 57 D.P.R. 196, citamos a la pág. 203, un comentario similar del tratadista Manresa, que es como sigue:

" 'Se reputa poseedor de buena fe,' dice el artículo 433, 'el que ignora que en su título o modo de adquirir existe vicio que lo invalide.' Según esta definición, es indispensable para que exista buena fe: (1) título o modo de adquirir; (2) vicios en dicho título o modo; (3) ignorancia de esos vicios por el poseedor, y como inmediata consecuencia, creencia fundada de pertenecerle la cosa o el derecho que posee." 4 Manresa. Comentarios al Código Civil Español, ed. 1910, pág. 93.

Castán Tobeñas expresa un concepto parecido al decir:

"Dijimos ya que el art. 433 de nuestro Código define la posesión de buena fe desde su aspecto negativo *(ignorancia* de los vicios de la adquisición), al decir que "se reputa poseedor de buena fe al que ignora que en su título o modo de adquirir exista vicio que lo invalide", mientras que el art. 1.950 la enfoca desde su aspecto positivo *(creencia* de la legitimidad de esa adquisición). Ambos aspectos se compenetran, y están en conexión, además, con la existencia de un título que sirva de base y fundamento a la buena fe.

"La posesión de buena fe es, pues, una especie de la posesión civil, caracterizada por la concurrencia de estos requisitos: título o acto jurídico que aparente una legítima adquisición, e ignorancia por el poseedor de los vicios que invaliden o hagan ineficaz ésta." (Castán, Derecho Civil Español, Tomo 2, págs. 398 y 399.)

Ahora bien, respecto a los edificantes en suelo ajeno, algunos tratadistas han definido los términos *buena fe* y *mala fe* según veremos en seguida. Scaevola expone:

"En el segundo párrafo del artículo que comentamos [artículo 364 del Código Civil Español, equivalente al 300 del nuestro] se define o explica lo que ha de entenderse por mala fe de parte del dueño del suelo en que se edifica, planta o siembra. No se fija a la vez este concepto con relación al edificador, plantador o sembrador. En vista de esta deficiencia, ¿qué se entenderá por obrar de buena o de mala fe en quien edifica, planta o siembra sobre terreno ajeno? ¿Cabrá invocar como prescripción aná-

loga para la fijación de dicho concepto la del artículo 433? Aparte de lo inadecuado que resulta reputar accedente de buena fe a quien se halle en el caso contrario, estas definiciones, muy ajustadas para los poseedores con título, se nos ofrecen como descentradas tratándose de las causas ordinariamente originarias del derecho de accesión. Pensamos que el accesionante o accedente procederá de buena fe cuando se considere con derecho a edificar, plantar o sembrar en el terreno en que así lo efectúe, ya con apoyo en algún título, en alguna autorización mal interpretada, en la supuesta prorrogación de un arrendamiento, en la tolerancia del dueño o entre otras causas del mismo tenor. Y habrá mala fe cuando los que edifiquen, planten o siembren sepan, o no puedan menos de saber, que por ningún concepto pueden disponer de los terrenos ajenos, con aplicación a aquellos fines. Sin definir estos caracteres esencialísimos no es posible determinar con fijeza y claridad el derecho que deba regir en cada uno de los enunciados casos de accesión." (Scaevola, Código Civil, Tomo VI, págs. 594 y 595.)

Luego de referirse al poseedor de buena fe y al poseedor de mala fe, Manresa comenta:

"Por supuesto, todo esto cuando se trate de un poseedor; pero cuando no se trate de esto, habrá que tener presentes las circunstancias del caso, para averiguar si el que edificó sabía que edificaba en suelo ajeno o no." (3 Manresa, Código Civil Español, pág. 215.)

En vista de lo que dejamos expuesto no podemos convenir con el tribunal a quo en que el demandado Laboy es un edificante de buena fe. Su antecesor en título Nieves Bonet nunca poseyó de buena fe. Su posesión no se amparó en título alguno ya fuera éste válido o ya estuviera viciado de nulidad. Edificó en un solar que él sabía pertenecía al demandante porque así constaba en el Registro de la Propiedad. No obtuvo el consentimiento ni la autorización expresa o tácita del dueño del solar para edificar. El alegado permiso que le diera el Capitán del Puerto no es suficiente para convertirlo en un edificante de buena fe, aún en el supuesto de que tal empleado del Pueblo de Puerto Rico estuviera investido por

ley de facultad para ceder el uso de terreno del Estado.(5) El suelo pertenecía al demandante y no al Estado.

El pleito de reivindicación entablado por el Pueblo de Puerto Rico contra el apelante, no investía a aquél de título alguno sobre la finca en litigio. No puede haber aquí cuestión alguna en lo que respecta al dueño de la finca, sobre errónea interpretación de una autorización para edificar. Si la casa hubiera sido construída por el Pueblo de Puerto Rico, éste sería un edificante de mala fe. No vemos cómo el demandado pueda estar en mejor situación que el Pueblo de Puerto Rico. Él es un edificante de mala fe y así lo resolvemos.

*Se revocará la sentencia apelada y se dictará otra declarando con lugar la demanda, con las costas.*

El Juez Asociado Sr. Belaval disintió.

---

(5) No hemos encontrado precepto legal alguno que autorice al Capitán del Puerto a ceder, ya sea mediante arrendamiento, venta o en alguna otra forma los terrenos del Pueblo de Puerto Rico. Véase el art. 135 del Código Político.