RICARDO CESANÍ NIETO ET AL., demandantes y recurridos, *v.* TOMÁS CARLO, c/p TITO CARLO, demandado y recurrente.

*Número:* R–62–81 *Resuelto:* 5 de noviembre de 1962

---

*Mario Báez y García,* abogado del recurrente. El recurrido no comparéció.

Sala integrada por el Juëz Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Los hermanos Ricardo, José Antonio y Eugenio Bernardo Cesaní Nieto incoaron una acción de desahucio en precario contra Tomás Carlo, en la cual adujeron que éste ocupaba una parcela de 5.12 cuerdas perteneciente a los demandantes, con dos edificaciones —una casa de madera techada de hierro galvanizado, destinada a un establecimiento comercial y un ranchón de maderas techado de cartón que le servía de al-

macén— sin pagar canon ni merced alguna, y sin que existiera convenio alguno entre las partes respecto al uso y disfrute del terreno, y solicitaron que ante la negativa del demandado a desalojar y retirar las construcciones mencionadas se ordenara su desalojo y la remoción de las dos edificaciones. Contestó el demandado, y negó los hechos esenciales expuestos, alegando como defensa la de una cosa juzgada "ya que los mismos hechos fueron resueltos... en el caso civil CS–57–884 seguido por las mismas partes en este mismo Tribunal."

Siete meses después de haberse trabado la contienda, y habiendo permanecido el pleito inactivo durante este período, la parte demandante solicitó permiso para presentar una demanda que intituló acción civil en la cual, además de reproducir los hechos expuestos en la demanda original, alegó que las edificaciones habían sido construidas de mala fe sin el permiso o consentimiento expreso o tácito de los demandantes. En la súplica se pidió que se ordenara al demandado a dejar libre y expedita la parcela de 5.12 cuerdas o a retirar las edificaciones allí enclavadas y que se declarara que las mismas pertenecían a los demandantes por accesión sin necesidad de satisfacer suma alguna por ellas. El tribunal concedió el permiso solicitado. Como el demandado no contestó la demanda enmendada, se anotó en autos su rebeldía, y se celebró la vista correspondiente recayendo sentencia declarando con lugar la demanda. Se solicitó se dejara sin efecto esta sentencia, y ante el allanamiento de la parte demandante, el tribunal de instancia así lo ordenó. El demandado reprodujo la contestación original como su alegación a la demanda enmendada.

Se celebró la vista del caso y las partes lo sometieron mediante la presentación de prueba documental consistente en los expedientes de las causas civiles CS–57–884, sobre desahucio, y CS–57–286, sobre interdicto posesorio. El tribunal a quo desestimó la defensa de cosa juzgada, y fundán-

dose en las determinaciones de hechos de la acción interdictal,[1] declaró con lugar la demanda, ordenó la remoción de las edificaciones dentro de un término de treinta días, o en su defecto, autorizó a los demandantes a demolerlas por cuenta del demandado.

El único error que se plantea en el presente recurso se refiere a la desestimación de la defensa de cosa juzgada planteada por el demandado. Para ello se invoca una sentencia dictada en 7 de marzo de 1958 desestimando una demanda de desahucio interpuesta por los demandantes contra el demandado y ordenando su archivo *por falta de instancia,* a tenor con las disposiciones de la Regla 11 de las Reglas para la Administración del Tribunal de Primera Instancia, 4 L.P.R.A., Ap. II, pág. 1005. La demanda en esta primera acción contenía *idénticas alegaciones* a las expuestas en la demanda original del presente caso.

En *Cruz* v. *Bruno,* 76 D.P.R. 966 (1954), indicamos que una sentencia en un caso de desahucio no constituye *res judicata* en un juicio plenario u ordinario posterior. Al mismo efecto, *Banco Territorial y Agrícola* v. *Arvelo,* 7

---

[1] Las determinaciones de hecho, copiadas a la letra, leen así:

"1. Los demandantes Ricardo, José Antonio y Eugenio Bernardo Cesaní Nieto, son dueños de la siguiente finca:

RÚSTICA: Parcela de terreno de cinco cuerdas y doce centésimos de otra, aproximadamente, o sea de Veinte mil Ciento Veintiocho metros con cinco centímetros cuadrados, equivalentes a dos hectáreas, doce áreas y ocho centiáreas y cinco centésimas de miliáreas, radicada en el Barrio Sabanetas de Mayagüez, colindando al Norte, por donde mide cuarenticinco metros con Miguel Quiñones, hoy Evangelista Feliciano, Sur con Ricardo Moreno, hoy Julio Padilla y también mide cuarenticinco metros; Oeste por donde mide cuatrocientos cuarentinueve metros con tres centímetros colinda con el mar y por el Este, por donde mide cuarentinueve metros con tres centímetros colinda con un camino público que la separa de la finca principal de la cual se segregó.

2. El demandado Tomás Carlo, conocido por Tito Carlo, está en posesión de las siguientes edificaciones ubicadas dentro de la parcela de los demandantes antes descrita:

Casa de madera, techada de zinc, dedicada a comercio, de 32 pies de frente por 16 pies de fondo, la cual está dividida en dos secciones. Ranchón de madera y techado de cartón que mide

D.P.R. 566 (1904). Y esa es precisamente la situación con que nos confrontamos en este recurso, pues, independientemente del trámite observado ante el tribunal de instancia, la acción que se ventiló fue una de accesión, o sea, lo que se determinó fue que el demandado era un edificante de mala fe, y como tal, los demandantes podían hacer suyas las edificaciones de aquél sin pagar suma alguna. Según se dijo en *Virella* v. *Virella*, 23 D.P.R. 693 (1916), la sentencia de desahucio, por referirse a la posesión, no impide la promoción de un juicio ordinario para discutir el derecho de propiedad y, por tanto, no puede servir de fundamento a la excepción de cosa juzgada. Igual doctrina prevalece en España, Sentencias de 23 de febrero de 1956 (3 Jurisp. Civil, t. 54, pág. 1411), 6 de julio de 1954 (3 Jurisp. Civil, t. 47, pág. 736); 8 de julio de 1914 (Jurisp. Civil, t. 131, pág. 84); cfr. Sentencia de 8 de marzo de 1951 (2 Jurisp. Civil, t. 34, pág. 128). Como cuestión de realidad, tampoco hay identidad de causas de acción, *Silva* v. *Doe*, 75 D.P.R. 209 (1953), pues como hemos dicho la sentencia de archivo fue

---

18 pies de frente por 16.5 pies de fondo, el cual se usa para almacén del negocio establecido en la antes descrita casa de madera.

3. Las referidas edificaciones aparece el demandado adquiriéndolas por compra a los esposos Claudio Gutiérrez y María Teresa Carrera por la escritura pública número 20 de 26 de febrero de 1957 ante el notario Eduardo A. Ruiz. En la referida escritura se dice que las edificaciones están construidas en terrenos del Pueblo de Puerto Rico. La prueba demuestra, sin embargo, que dichas edificaciones están ubicadas dentro del terreno de los demandantes antes descrito si bien la dedicada a comercio ya estaba en el terreno cuando éste fue adquirido por los demandantes formando parte de una finca mayor.

4. No existe convenio alguno entre los demandantes y el demandado ni entre éste o sus vendedores y los dueños anteriores del terreno en relación con la construcción de dichas edificaciones ni en relación con el uso y disfrute del terreno que las mismas ocupan.

5. Recientemente el demandado ha hecho obras de reconstrucción y/o reparación en las referidas edificaciones. En una de ellas ha puesto setos de madera donde antes había de ramas. Construyó además una caseta para letrina utilizando maderas viejas. Otras reparaciones contempladas quedaron suspendidas con la orden de entredicho."

dictada en un pleito de desahucio y ahora se trata de un pleito de accesión. ·

Por otro lado, sabido es que las sentencias de archivo por abandono o falta de instancia constituye cosa juzgada en virtud de las disposiciones de las Reglas 41(b) de 1943, 32 L.P.R.A. Ap. R41b, pág. 671, y 39.2 de 1958 de las de Procedimiento Civil, 32 L.P:R.A. (Supl. 1961), pág. 152, *Bolker* v. *Tribunal Superior*, 82 D.P.R. 816, 830–831 (1961); *Souchet* v. *Cossío*, 83 D.P.R. 758 (1961); *Pérez* v. *Bauzá*, 83 D.P.R. 220 (1961); y que antes de la vigencia de éstas prevalecía una doctrina contraria, *Capella* v. *Carreras*, 57 D.P.R. 258 (1940); cfr. *Antonio Roig Sucrs.* v. *Corte*, 66 D.P.R. 446 (1946); *Reyes* v. *Reyes*, 76 D.P.R. 284–295 (1954); y véase, *Dismissal as Res Judicata*, 54 A.L.R.2d 473, 501 (1957). Como las Reglas no son aplicables a los procedimientos de desahucios, Regla 81 de 1943, 32 L.P.R.A. Ap., R.81, pág. 701, y Regla 61 de 1958, 32 L.P.R.A. (Supl. 1961), pág. 188; *Roger* v. *Torres*, 71 D.P.R. 852 (1950); *Rivera* v. *Cobián Chinea & Co.*, 68 D.P.R. 571 (1948); *Torres* v. *Corte*, 67 D.P.R. 292 (1947), no puede afirmarse que una sentencia por abandono dictada en un pleito de desahucio puede invocarse como cosa juzgada.

Se queja finalmente el recurrente de que el tribunal permitió una enmienda a la demanda para variar la naturaleza de la causa de acción. Sin embargo, no señala que con ello se le causara perjuicio alguno, y, en esas circunstancias, no intervendremos con la sentencia dictada, especialmente cuando el demandado tuvo su oportunidad en corte, y efectivamente la aprovechó haciendo los planteamientos que estimó procedentes.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Mayagüez, en 7 de marzo de 1962.*