JUAN A. ROMERO Y OTRO, demandantes y recurridos, *v.*
ETANISLAO CANALES Y OTRO, demandados y recurrentes.

*Número:* R-73-354          *Resuelto:* 3 de octubre de 1974

*Angel L. Tapia Flores* y *F. Ariel Avilés Rodríguez,* abogados de
los recurrentes; *Arnaldo Sánchez Recio,* abogado de los re-
curridos; *Migdalia Fratichelli Torres,* abogada del Departa-
mento de Asuntos al Consumidor y de los recurridos.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del
Tribunal.

El recurrente Etanislao Canales es usufructuario de una
parcela de terreno ubicada en la comunidad de Hill Brothers
en Río Piedras. ([1]) En el 1964 Canales cedió en arrendamiento
dicha parcela al recurrido Juan A. Romero por el canon de

---

([1]) Aparece del récord que todavía la Administración de Programas
Sociales no ha aprobado la transferencia del usufructo al recurrente, quien
lo adquirió por cesión del usufructuario original Antonio Matos Pérez.

$115.00 mensuales para el establecimiento de un taller de reparaciones de automóviles. Romero ocupó la parcela hasta noviembre de 1970, fecha en la cual cesaron las supuestas relaciones arrendaticias al dictarse sentencia en su contra en una acción de *injunction* instada por Canales. Desalojado ya Romero, acudió éste a la entonces Administración de Servicios al Consumidor, hoy D.A.C.O. para que le fijara renta al local donde estaba ubicado su negocio. Dicha agencia fijó el canon reduciéndolo de $115.00 a $15.75 mensuales retroactivo al 1964.

En virtud del canon fijado por D.A.C.O. Romero instó demanda reclamándole a Canales el pago en exceso del canon de arrendamiento y una suma igual a tres veces el sobreprecio, conforme las disposiciones del Art. 8 de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 188. El tribunal de instancia declaró con lugar la demanda condenando a Canales a pagar a Romero la cantidad de $19,368 y $1,000 en concepto de honorarios de abogado más las costas.

Canales nos pide la revocación de la sentencia señalando la comisión de tres errores. Basta, sin embargo, para revocar el relativo a la inaplicabilidad de la Ley de Alquileres Razonables.

En lo pertinente provee el Art. 76 de la Ley de Tierras Núm. 26, de 12 de abril de 1941, 28 L.P.R.A. sec. 553:

*"El usufructuario no podrá, bajo pena de nulidad absoluta,* vender, transferir, permutar, alquilar, ceder, asignar, *arrendar* ni en modo alguno enajenar o gravar en todo o en parte, el derecho de usufructo que se le conceda, ni la parcela de terreno sobre la cual se le concede dicho derecho, ni las edificaciones, accesiones o mejoras existentes, o que en el futuro levante o introduzca en la misma, ni ningún derecho, título o privilegio derivado del contrato de usufructo; Disponiéndose, que *cualquier violación de esta disposición no conferirá derechos legales de clase alguna a ningún supuesto adquirente, cesionario o acreedor, sino que, por el contrario, producirá, sin que medie declaración judicial al efecto, la confiscación a favor de la Administración de Programas*

*Sociales del derecho de usufructo concedido al usufructuario sobre la parcela . . . ."* (Énfasis suplido.)

◼ Como puede verse, dicho artículo prohíbe expresamente bajo pena de nulidad absoluta el arrendar la parcela objeto del usufructo. Más aun, niega derecho alguno al que en violación de ley se convierte en adquirente, cesionario o acreedor, hasta el punto de producir, sin intervención judicial, la confiscación del derecho del usufructo a favor de la Administración de Programas Sociales.

◼ El propósito evidente de esta disposición es garantizar que se efectúe la política pública enmarcada en la Ley de Tierras de proveerles a las familias campesinas que viven como agregados un predio de terreno donde ubicar su casa permanentemente. *E.L.A.* v. *Márquez*, 93 D.P.R. 393 (1966). Romero no podía, pues, adquirir derecho alguno en virtud del supuesto contrato de arrendamiento. No se creó entre Romero y Canales las relaciones de arrendador y arrendatario que regula la Ley de Alquileres Razonables.

◼ Por lo tanto, Romero no podía valerse de la protección de la Ley de Alquileres Razonables, y, por consiguiente, no podía beneficiarse de la acción de triple daño autorizada por dicha Ley.

*Se dictará sentencia revocando la sentencia recurrida.*