Sucesores de Martín Ramos Muñoz, demandantes y recurridos, *v.* Apollo Hardware, Inc., demandada; Estado Libre Asociado de Puerto Rico, interventor-peticionario.

Número: O-80-574 Resuelto: 7 de abril de 1981

*Héctor A. Colón Cruz, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados del interventor y peticionario; *Octavio San Miguel Griffo,* abogado de la parte recurrida.

El Juez Asociado Señor Díaz Cruz emitió la opinión del Tribunal.

La Administración de Programas Sociales cedió gratuitamente a Martín Ramos Muñoz el usufructo de la parcela Núm. 235 de la comunidad rural "Candelaria" del término municipal de Toa Baja, mediante contrato autorizado por el Título V, Art. 76 de la Ley de Tierras, 28 L.P.R.A. sec. 553, que en parte ordena:

. . . Al agregado que hubiere recibido una parcela en usufructo se le otorgará un contrato de usufructo que preparará al efecto la Administración de Programas Sociales, el cual tendrá fuerza de ley, y en el cual se establecerán las penalidades que la Administración de Programas Sociales juzgue conveniente imponer para el caso de que se viole el contrato. El usufructuario no podrá, bajo pena de nulidad absoluta, vender, transferir, permutar, alquilar, ceder, asignar, arrendar ni en modo alguno enajenar o gravar en todo o en parte, el derecho de usufructo que se le conceda, ni la parcela de terreno sobre la cual se le conceda dicho derecho, ni las edificaciones, accesiones o mejoras existentes, o que en el futuro levante o introduzca en la misma, ni ningún derecho, título o privilegio derivado del contrato de usufructo; Disponiéndose, que cualquier violación de esta disposición no conferirá derechos legales de clase alguna a ningún supuesto adquirente, cesionario o acreedor, sino que, por el contrario, producirá, sin que medie declaración judicial al efecto, la confiscación a favor de la Administración de Programas Sociales del derecho de usufructo concedido al usufructuario sobre la parcela, así como de todo interés, derecho y acción que sobre la parcela cedida en usufructo, o sobre las mejoras, edificaciones, accesiones o siembras existentes en la misma tuviera o pudiera tener el supuesto cedente y/o cesionario, acreedor y/o deudor, vendedor o adquirente, quedando la Administración de Programas Sociales en libertad de disponer en dicha parcela, construcción, edificación, siembra o mejoras, sin tener que indemnizar o pagar cantidad de dinero a persona alguna por ningún concepto. . . .

El usufructuario realizó en la parcela edificaciones y mejoras las que dio en arrendamiento a Apollo Hardware, Inc., por canon mensual de $1,000. El parcelero arrendador murió el 8 octubre, 1974 y la arrendataria Apollo continuó ocupando los locales con su negocio de ferretería, pagando la renta a los

herederos de Martín Ramos hasta el 1 de abril de 1975 cuando suspendió los pagos.

El 7 noviembre, 1975 la Sucesión de Martín Ramos presentó ante el Tribunal de Distrito de Toa Alta demanda en cobro de las rentas no pagadas, oponiendo Apollo la defensa de nulidad de contrato y extinción del usufructo por muerte del arrendador. El 23 febrero, 1977, el entonces juez de dicha sala Sr. Melvin A. Padilla Feliciano desestimó la defensa considerando que la Administración no había tomado acción afirmativa, con audiencia a los herederos, para obtener la confiscación a su favor de las mejoras y edificaciones; y condenó a la arrendataria a pagar todos los cánones adeudados. Su sentencia fue confirmada en apelación ante el Superior, y el 9 marzo, 1978 denegamos *certiorari* (O-78-62) "sin perjuicio de que la Administración de Programas Sociales pueda reclamar cualquier derecho que le corresponda bajo la ley". Es entonces que la Administración, en vez de proseguir con la audiencia administrativa, solicita intervención el 4 abril, 1978, transcurrido más de un año desde la sentencia de Toa Alta y casi tres desde que se inició el pleito. Otro juez de dicha sala, el Sr. Géigel Lanuza, admitió la intervención basada en la nulidad absoluta del contrato de arrendamiento y en la confiscación "sin que medie declaración judicial al efecto" del transcrito Art. 76 y en la reversión a la Administración de la parcela con sus mejoras y edificaciones al terminar el usufructo. El 21 febrero, 1978 dictó el Tribunal de Distrito su *segunda* sentencia en el pleito ratificando la primera y ordenando a la arrendataria Apollo pagar a la sucesión demandante el importe acumulado de cánones, ascendente a $53,277.65 (incluidos principal e intereses al tipo legal), y desestimó la reclamación de la Administración sobre dichas rentas. El Tribunal Superior confirmó el 11 septiembre, 1980, y el 12 noviembre, 1980 a solicitud del Estado expedimos auto de *certiorari*.

La prohibición en el citado Art. 76 de la Ley de Tierras de

disposición del derecho de usufructo ni de las edificaciones o mejoras *"bajo pena de nulidad absoluta"* parecería proveer una solución simple a este pleito declarando la nulidad del arrendamiento desde su incepción, como pacto contrario a la Ley y al orden público (Art. 1207, Código Civil); de condiciones por ley prohibidas (Art. 1069); o de causa torpe por parte de ambos contratantes (Art. 1258). Pero el estatuto regulador de estas cesiones de usufructo cambió fundamentalmente por la Ley Núm. 35 de 14 junio, 1969 (28 L.P.R.A. sec. 683) que desplazando el rigor de "nulidad absoluta" de actos contrarios a la ley los reduce a anulables y hasta lícitos por haber la propia ley ordenado su validez (Art. 4 Título del Preliminar) (¹) auspiciando un remedio social en vez de una solución de estricto derecho, mas en armonía con "el propósito de promover el bienestar, la libertad económica y la justicia social de los agregados" (²) que ordena:

Sec. 683 *Retención o venta*

En el caso de aquellos usufructuarios que hayan violado lo dispuesto en la sec. 553 de este título, el Secretario de Agricultura optará por retener el título de propiedad sobre estas parcelas o por venderlas.

(a) El Secretario retendrá el título de propiedad en aquellos casos en que existan planes específicos por parte de las agencias e instrumentalidades del gobierno del Estado Libre Asociado de Puerto Rico, para dedicar dichas parcelas a un fin o uso público tales como: carreteras, hospitales, escuelas, áreas recreativas o cualquier proyecto o facilidad gubernamental. En estos casos, y a pesar de la confiscación que como penalidad a las violaciones a la sec. 553 de este título establecen las secs. 241 a 591 de este

---

(¹) Art. 4, Código Civil

"Son nulos los actos ejecutados contra lo dispuesto en la ley, salvo los casos en que la misma ley ordene su validez.

"Los derechos concedidos por las leyes son renunciables, a no ser esta renuncia contra la ley, el interés o el orden público, o en perjuicio de tercero."

(²) Exposición de Motivos. Ley Núm. 105 de 24 junio, 1977, Leyes de Puerto Rico, pág. 278, adicionando el Art. 76B a la Ley de Tierras, 28 L.P.R.A. sec. 553 (b).

título, el Secretario de Agricultura indemnizará a los dueños de las edificaciones existentes en dichos terrenos, de conformidad con lo que respecto de los edificantes de buena fe en terreno ajeno, dispone la sec. 1164 del Título 31.

(b) Con excepción de los casos antes mencionados, el Secretario podrá vender las parcelas conforme a la reglamentación que al efecto adopte.

La determinación del precio y de las condiciones mediante las cuales se venderá la parcela se hará tomando en consideración entre otros, los siguientes factores:

(1) la naturaleza, gravedad, motivación y circunstancias en que se produjo la violación a la sec. 553 de este título;

(2) el uso que se esté dando a la parcela;

(3) el tiempo que lleve el ocupante, en la parcela;

(4) la situación económica del ocupante de la parcela;

(5) el valor en el mercado de la parcela, determinado a base de tasación pericial.

En los casos en que el usufructuario u ocupante no llene los requisitos establecidos en la reglamentación que adopte el Secretario, o no interese comprar la parcela al precio y bajo las condiciones que éste fije, el Secretario podrá vender la parcela al mejor postor.

 Esta enmienda introduce el concepto de "edificante de buena fe" para beneficio del parcelero con efecto de borrar las consecuencias que en el Derecho civil común operarían en forma drástica y confiscatoria en virtud de las disposiciones del Código Civil relativas a los pactos contrarios a la ley y el orden público. No podemos aceptar la contención del Estado que tan amplio remedio sirva en forma selectiva aplicándose únicamente a los usufructuarios violadores de ley cuyas parcelas se destinan a uso público, porque tal interpretación desembocaría en discrimen constitucionalmente impermisible. El bienestar, la libertad económica y la justicia social de los agregados, y no el uso a que se destina su parcela, es la fuerza que dirige todo este programa social y a su amparo todos tienen derecho a igual protección.

La sala de primera instancia encontró probado, según sus determinaciones de hecho, que la Administración tuvo

temprano y pleno conocimiento de las obras realizadas por el usufructuario en su parcela, sin que tomara acción en contrario, y hasta citó a las partes para una vista administrativa en que hubo acuerdos. Sobre el particular concluye el juez sentenciador:

La parte interventora tuvo pleno conocimiento del presente pleito prácticamente desde sus comienzos y de toda la controversia entre las partes y, a los fines de tratar de resolver la misma, citó finalmente a las partes a una Vista Administrativa celebrada el día 25 de mayo de 1976.

Se acordó en esa ocasión, que la Administración procedería a preparar un contrato de arrendamiento con la Sucesión y, a partir de su formalización ésta pagaría un canon de arrendamiento a la Administración acorde a la valoración del terreno en términos de arrendamiento mensual y se le autorizaría a la Sucesión a subarrendar entonces la parcela y las mejoras.

La Administración todavía no ha formalizado el contrato de arrendamiento con la Sucesión sobre la parcela de referencia, así como tampoco lo ha hecho con persona otra alguna a su nombre.

La Administración no ha realizado contra la Sucesión el procedimiento formal de confiscación que se contempla en la Ley de Tierras para el caso de los violadores del Artículo 76 de dicha Ley (28 L.P.R.A. sec. 553) según éste ha sido interpretado judicialmente.

Tampoco es atendible la teoría del Estado sobre confiscación automática, derivada de la disposición en la antigua Ley de Tierras en su Art. 76 (28 L.P.R.A. sec. 553) advirtiendo que la realización por el usufructuario de aquellos actos prohibidos "producirá, sin que medie declaración judicial al efecto, la confiscación [del derecho de usufructo, mejoras y edificaciones] a favor de la Administración". Esta semblanza de precepto comisorio carece de toda vitalidad jurídica a la luz de las prevalecientes exigencias del debido proceso de ley[3] y para suplir su invalidez, la Asamblea Legislativa,

---

[3] *Fuentes* v. *Shevin*, 407 U.S. 67 (1972). Nueve años antes este Tribunal había invalidado la cláusula en un contrato de venta condicional que autorizaba al vendedor a tomar posesión inmediata de los bienes en caso

por Ley Núm. 105 de 24 junio, 1977, luego de declarar en su Exposición de Motivos que:

... Es de conocimiento nuestro, que en el ejercicio de su poder de reglamentación en el interés público el Estado puede adoptar medidas para proteger la salud, la moral y el bienestar general de la comunidad sin que las restricciones que surjan de tales medidas sean contrarias al concepto del debido procedimiento de ley. Pero existe una nueva tendencia a traer el debido procedimiento de ley al Derecho Administrativo y así se confirma en las decisiones de los tribunales. Prueba de ello surgió en nuestra agencia en el caso de *Juana Quiñones* vs. *José Enrique Arrarás, Secretario del Departamento de la Vivienda,* 74-397, Tribunal de Distrito Federal, en el cual se litigó lo relacionado con la reposesión del derecho de usufructo, en donde la Corte Federal estableció que se le privó a la demandante de su propiedad sin el debido procedimiento de ley ocasionando una violación a la V y XIV enmienda de la Constitución de los Estados Unidos. En dicho caso se estableció que el Título V, Artículo 76 de la Ley 26 de 12 de abril de 1941, según enmendada, conocida como "Ley de Tierras" es inconstitucional al no proveer para una vista antes de reposeer el derecho de usufructo, toda vez que se viola así el debido procedimiento de ley que consagra la Constitución . . . .

adiciona el Art. 76B a la Ley de Tierras, 28 L.P.R.A. sec. 553(b), estableciendo un procedimiento especial con plena audiencia para ventilar violaciones a los contratos de usufructo, con recurso de revisión al Tribunal Superior.

■ Las rentas impagadas por Apollo pertenecen a los sucesores del parcelero Martín Ramos, quien a tenor de los hechos y la Ley citados fue un edificante de buena fe de la calidad que define el Art. 297 del Código Civil y de esa base debe partir la Administración cuando se disponga a recuperar o vender la parcela Núm. 235 de "Candelaria" en ejercicio de su derecho bajo la Ley Núm. 35 de 14 junio, 1969

---

de incumplimiento o riesgo de pérdida, porque alentaba la práctica de tomarse la justicia en sus manos. *Vélez Cuebas* v. *Cancel,* 88 D.P.R. 220, 228 (1963).

(28 L.P.R.A. sec. 683 y ss.) regulatoria de la venta de parcelas en las comunidades Título V.

*Con estos antecedentes y fundamentos se anula el auto expedido y la sentencia revisada queda confirmada.*

El Juez Presidente, Señor Trías Monge, concurre en el resultado sin opinión.