VICTORIA CRUZ OLIVO Y OTROS
Demandantes-Recurridos

v.

ARMANDO A. LOPEZ GONZALEZ,
NELIDA BURGOS RAMOS
Demandados-Peticionarios

Núm. KLCE-95-00155

San Juan, Puerto Rico, a 27 de junio de 1995

Panel integrado por su presidenta, Juez Ramos Buonomo
y los Jueces Cordero y Ortiz Carrión

Cordero, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita la revisión de una resolución dictada por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Guaynabo, el día 28 de febrero de 1995 y notificada a las partes el siguiente 24 de marzo de 1995. En dicha resolución, el tribunal de instancia, ante un pleito de desahucio, declaró sin lugar la Moción de Desestimación presentada por los demandados-peticionarios, les ordenó contestar la demanda y señaló vista en su fondo. Los peticionarios solicitan mediante recurso de *certiorari* que se revoque dicha resolución del tribunal de instancia.

### I

Los recurridos (en adelante todos llamados Doña Victoria o los recurridos) son los herederos de quien en vida era Don Angel Rivera Rodríguez. Estos presentaron demanda de desahucio el 22 de noviembre de 1994, en la cual se solicita el desalojo de los peticionarios (en adelante Don Armando o los peticionarios), de una estructura para fines residenciales. En esencia, Doña Victoria alegó en la demanda ser dueña de una casa de hormigón ubicada en el Barrio Santa Rosa III, de Guaynabo, Puerto Rico; que mediante contrato verbal arrendó dicha casa a Don Armando y que éste le adeuda mensualidades de $300 de aproximadamente nueve (9) meses, hasta el presente; y que a pesar de haber realizado múltiples gestiones de cobro a Don Armando, éste se ha negado a pagar canon alguno y sigue reteniendo la posesión de la propiedad.

El 16 de diciembre de 1994, Don Armando solicitó la desestimación de la demanda. En síntesis alegó que la propiedad objeto de la acción de desahucio fue construida en terrenos de la Administración de Vivienda Rural; que la misma le fue concedida al fenecido Don Angel Rivera Rodríguez mediante un contrato de usufructo para propósitos de que éste y su familia la vivieran; que dicho contrato de usufructo no le permitía a Don Angel el arrendar dicha vivienda sin la expresa autorización previa de la Administración de Vivienda Rural; que una vez fallecido Don Angel, su sucesión (los recurridos) pretende desahuciar a los peticionarios; que al arrendar la propiedad a los aquí peticionarios, Don Angel violó el contrato de usufructo y por tanto los recurridos perdieron el derecho real que tenían sobre la propiedad; que por lo tanto la sucesión de Don Angel carece de legitimación activa (*"standing"*) para instar la acción de desahucio; y que solamente la Administración de Vivienda Rural tiene legitimación activa para instar dicha acción.

Como hemos dicho, el 28 de febrero de 1995 el foro de instancia mediante resolución declaró sin lugar la moción de desestimación, le concedió diez (10) días a Don Armando para contestar la demanda y señaló el caso para vista en su fondo. No conforme, Don Armando presentó recurso de *certiorari* ante nos.

### II
### Ley de Tierras

En lo pertinente provee el Art. 76 de la Ley de Tierras Núm. 26, de 12 de abril de 1941, 28 L.P.R.A. sec. 553:

*"**El usufructuario no podrá, bajo pena de nulidad absoluta,** vender, transferir, permutar, alquilar, ceder, asignar, **arrendar** ni en modo alguno enajenar o gravar en todo o en parte, el derecho de usufructo que se le conceda, ni la parcela de terreno sobre la cual se le concede dicho derecho, ni las edificaciones, accesiones o mejoras existentes, o que en el futuro*

*levante o introduzca en la misma, ni ningún derecho, título o privilegio derivado del contrato de usufructo; **Disponiéndose, que cualguier violación de esta disposición no conferirá derechos legales de clase alguna a ningún supuesto adquirente, cesionario o acreedor, sino que, por el contrario, producirá, sin que medie declaración judicial al efecto, la confiscación a favor de la Administración de Programas Sociales del derecho de usufructo concedido al usufructuario sobre la parcela....* " (Énfasis nuestro.)

Como puede notarse, dicho artículo prohibe expresamente bajo pena de nulidad absoluta, el arrendar la parcela objeto del usufructo. El propósito de esta disposición es garantizar que se efectúe la política pública enmarcada en la Ley de Tierras de proveerles a las familias campesinas que viven como agregados un predio de terreno donde ubicar su casa permanentemente. *Romero v. Canales,* 102 D.P.R. 587, 589 (1966). Sin embargo, en *Sucrs. Ramos Muñoz v. Apollo Hardware,* 110 D.P.R. 855, 858-859 (1981), nuestro Tribunal Supremo ante unos hechos muy similares a los del presente caso dijo:

*"La prohibición en el citado Art. 76 de la Ley de Tierras de disposición del derecho de usufructo ni de las edificaciones o mejoras 'bajo pena de nulidad absoluta' parecería proveer una solución simple a este pleito declarando la nulidad del arrendamiento desde su incepción, como pacto contrario a la Ley y al orden público (Art. 1207, Código Civil); de condiciones por ley prohibidas (Art. 1069) o de causa torpe por parte de ambos contratantes (Art. 1258). Pero el estatuto regulador de estas cesiones de usufructo cambió fundamentalmente por la Ley Núm. 35 de 14 de junio, 1969 (28 L.P.R.A. sec. 683) que desplazando el rigor de 'nulidad absoluta' de actos - contrarios a la ley los reduce a anulables y hasta lícitos por haber la propia ley ordenado su validez (Art. 4 Título del Preliminar) espaciando un remedio social en vez de una solución de estricto derecho, más en armonia con el 'propósito de promover el bienestar, la libertad económica y la justicia social de los agregados' que ordena:*

*"Sec. 683 Retención o venta*

*"En el caso de aquellos usufructuarios que hayan violado lo dispuesto en la sec. 553 de este título, el Secretario de Agricultura optará por retener el título de propiedad sobre estas parcelas o por venderlas.*

*"(a) El Secretario retendrá el título de propiedad en aquellos casos en que existan planes específicos por parte de las agencias e instrumentalidades del gobierno del Estado Libre Asociado de Puerto Rico, para dedicar dichas parcelas a un fin o uso público tales como: carreteras, hospitales, escuelas, áreas recreativas o cualquier proyecto o facilidad gubernamental. En estos casos, y a pesar de la confiscación que como penalidad a las violaciones a la sec. 553 de este título establecen las secs. 241 a 591 de este título, el Secretario de Agricultura indemnizará a los dueños de las edificaciones existentes en dichos terrenos, de conformidad con lo que respecto de los edificantes de buena fe en terreno ajeno, dispone la sec. 1164 del Título 31.*

*"(b) Con excepción de los casos antes mencionados, el Secretario podrá vender las parcelas conforme a la reglamentación que al efecto adopte....* " (Algunas notas omitidas.)

El concepto de *"edificante de buena fe"* introducido por esta enmienda tiene el efecto de borrar las consecuencias drásticas y confiscatorias ordenadas por el Derecho Civil relativas a los pactos contrarios a la ley y el orden público. *Id.,* pág. 859.

También, el Tribunal Supremo expresó su desacuerdo con la confiscación automática derivada del citado Art. 76, el cual advierte que la realización por el usufructuario de aquellos actos prohibidos *"producirá, sin que medie declaración judicial al efecto, la confiscación [del*

*derecho de usufructo, mejoras y edificaciones] a favor de la Administración'".* Explicó nuestro más alto foro judicial que las prevalecientes exigencias del debido proceso de ley condujo a la Asamblea Legislativa, mediante la Ley Núm. 105 de 24 de junio de 1977, a añadir el Art. 76B a la Ley de Tierras, 28 L.P.R.A. sec. 553 (b), en el cual se establece un procedimiento especial para ventilar violaciones a los contratos de usufructo. *Id.,* pág. 861.

Tal artículo 76B dispone:

*"Cuando medie una violación al contrato de usufructo la Administración de Vivienda Rural procederá a notificar por correo certificado o mediante entrega personal al usufructuario de la intención de resolver dicho contrato. La notificación deberá expresar en qué se basa la violación o violaciones al contrato de usufructo e informará al usufructuario de su derecho a solicitar una vista, dentro de los treinta (30) días siguientes al recibo de la notificación, para exponer las razones por las cuales no debe cancelarse el usufructo.*

*Cuando un usufructuario haga la solicitud ante el Secretario de la Vivienda, éste nombrará un examinador quien celebrará la vista, a la cual podrá asistir el usufructuario por sí o representado por abogado. La vista administrativa se regirá por el procedimiento que mediante reglamento adopte el Secretario de la Vivienda con las debidas garantías del procedimiento de ley y que a estos efectos adopte el Secretario. El usufructuario podrá solicitar la reconsideración de la determinación del Secretario dentro de los diez (10) días siguientes a la notificación de la determinación de éste.*

*Se podrá elevar una revisión judicial ante el Tribunal Superior de Puerto Rico dentro de los diez (10) días siguientes al recibo de la notificación final del resultado de la vista."*

## III
### Acción de Desahucio

Por otro lado, el juicio de desahucio es un procedimiento especial de naturaleza sumaria cuyo fin es recuperar la posesión material de un inmueble lanzando de él al que lo detenta o disfruta precariamente sin pagar canon alguno. *García v. Brignoni et al.,* 22 D.P.R. 356, 366 (1915).

Conforme a lo preceptuado en el Art. 620 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2821, tienen acción para promover el juicio de desahucio los dueños, los usufructuarios o cualquiera otro con derecho a disfrutarla y sus causahabientes. El Art. 621 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2822, dispone que procederá el desahucio contra los inquilinos, colones, arrendatarios, encargados, porteros o guardas y cualquier otra persona que detente la posesión material de la misma o la disfrute precariamente, sin pagar canon o merced alguna.

La acción de desahucio es una acción posesoria y en ella solamente puede discutirse el derecho a la posesión de un inmueble por quien tiene derecho a ella y no procede cuando surge de la misma un conflicto de título. *C.R.U.V. v. Román,* 100 D.P.R. 318, 321 (1944). El Tribunal Supremo ha declarado en repetidas ocasiones que cuando el demandado en un pleito de desahucio alega algún título para la posesión, si esa alegación no está desnuda de toda prueba, no debe decretarse el desahucio, sino que las partes deben discutir en juicio ordinario cuál tiene el título legal a la finca. *Ermita de Ntra. Sra. del Rosario v. Collazo,* 41 D.P.R. 596, 597 (1930). Sin embargo, una mera alegación de título sin más no puede destruir la acción posesoria de un demandante. *Lafontaine et al. v. Lafontaine et al., y Pérez, etc.,* 30 D.P.R. 194, 195 (1922).

La cuestión de si el título del demandante adolece de nulidad que impida ejercitar los

derechos que del mismo se dimanan, no puede resolverse en un juicio sumario y especial como es el de desahucio, en que solamente se trata el derecho que para despedir al que ocupa la finca tiene el que por el momento aparece dueño y poseedor de ella. *León v. Alvarado,* 24 D.P.R. 700, 701 (1917).

En un pleito de desahucio, el demandante que presenta un título válido, tiene derecho a la inmediata posesión, hasta que el mismo se invalida y se determina judicialmente en cualquier otro recurso, la cuestión relativa a la validez de su título. *Id.*

Los demandados en un pleito de desahucio no plantean cuestión sustancial de título que haga improcedente el desahucio contra ellos cuando tan sólo se limitan a impugnar el título del demandante y carecen de legitimación activa para ello. *Ríos v. Román,* 71 D.P.R. 207, 210 (1950).

## IV

Tomando en consideración las normas de derecho previamente esbozadas, pasemos a analizar los hechos del caso de autos.

Nos argumenta primeramente. Don Armando que a los recurridos no les asiste el derecho a instar una acción de desahucio en su contra. Su teoría es que al arrendarle la propiedad , Don Angel violó el contrato de usufructo acordado con ADMVI. Entiende Don Armando, que la sucesión compuesta por los recurridos ahora carece de todo derecho por concluir éste que la antedicha violación al contrato de usufructo le elimina a Doña Victoria todo derecho a la propiedad, sin necesidad de una previa acción administrativa a estos efectos. Añade Don Armando, que la violación del contrato de usufructo sólo le reconoce a los causahabientes de Don Angel el derecho a ser tratados como constructores de buena fe y a ser compensados justamente por lo edificado en el terreno del Estado previa celebración de una vista por el Secretario de Vivienda. No les asiste la razón.

Como anteriormente señalamos, el Tribunal Supremo ha reconocido y expresado que ante una violación de disposición del derecho de usufructo ya no existen consecuencias confiscatorias, ya que ésto supondría una violación constitucional al debido proceso de ley. *Sucrs. Ramos Muñoz v. Apollo Hardware, supra.* Es por esta razón que nuestra Asamblea Legislativa se vio en la necesidad de enmendar la Ley de Tierras y le añadió un procedimiento especial para ventilar violaciones a los contratos de usufructo frente a la Administración de Vivienda Rural. Por lo tanto, sólo siguiendo este procedimiento es que puede legalmente cancelarse el contrato de usufructo. Mientras así no se haga, el usufructuario continuará teniendo tal derecho real con el consiguiente derecho de instar una acción de desahucio de dicha propiedad.

Por otro lado, la alegación de si el título de Doña Victoria es uno nulo es uno improcedente bajo esta acción sumaria. Como señala la jurisprudencia ya discutida, un pleito de desahucio es solamente una acción posesoria en la cual únicamente se discute el derecho a la posesión del inmueble y en el cual no pueden discutirse cuestiones de título. *C.R.U.V. v. Román, supra.*

El segundo planteamiento de Don Armando es que Doña Victoria carece de legitimación activa para instar la acción de desahucio. Tampoco tiene razón. Al resolverse que Doña Victoria continúa siendo la titular del derecho de usufructo sobre la propiedad objeto de desahucio, por nunca habérsele invalidado tal título, ella sigue siendo una causahabiente según señalado por el Art. 620 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 2821. Bajo tal disposición de ley es obvio que Doña Victoria tiene legitimación activa para instar una acción de desahucio.

Por otro lado, Don Armando no tiene legitimación activa para levantar la violación si alguna por parte de Don Angel. La Ley de Tierras ni las disposiciones pertinentes al procedimiento especial de desahúcio le confieren a Don Armando derecho de título alguno. Los peticionarios no demostraron nexo jurídico alguno entre ellos y los recurridos que le concedieran a los primeros derechos de clase alguna para impugnar el título de los segundos. Son verdaderos extraños.

Finalmente, carece de todo valor probatorio, por ser prueba de referencia, Regla 61 de las de Evidencia, 32 L.P.R.A. Ap. IV, y por ser increíblemente frívola e inapropiada, la alegación de Don Armando de que *"[a]ltos funcionarios de esa Agencia en varias ocasiones le indicaron...que no pagara el alquiler, que se quedara en su casa y que ellos [la Agencia] habrían de procesar la violación al contrato de usufructo..."* (Apéndice, pág. 11).

Por los fundamentos antes expresados, se declara sin lugar el recurso de *certiorari* y se devuelve el caso al tribunal de instancia para que continue el procedimiento de desahucio.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 197**

**1.** En el presente, Administración de Desarrollo y Mejoras de Vivienda (ADMVI).